City of St. Paul *vs.* Philip W. Umstetter.

Same *vs.* George T. Johnson.

May 13, 1887.

Constitution—Municipal Court—Powers of Clerk.—The provisions of Gen. St. 1878, *c.* 64, § 98, giving to the clerk of the municipal court of St. Paul the power to receive complaints and issue warrants in criminal cases, *held* constitutional and valid.

In each of these actions the defendant appeals from a judgment of the municipal court of St. Paul in a prosecution for violating a city ordinance. In each case the defendant was arrested upon a warrant issued by the clerk of the court in the name of the judge of the court and under its seal, upon a complaint sworn to before the clerk. The defendants, having been tried and convicted, moved in arrest of judgment upon the ground that the court had no jurisdiction.

*E. St. Julien Cox*, for appellants.

*W. P. Murray*, for respondent.

Mitchell, J. The act creating the municipal court of St. Paul vests the clerk of the court "with the same authority, discretion, and power" as the judge "to act on receiving complaints and issuing the warrants of said court in criminal cases." Gen. St. 1878, *c.* 64, § 98. It is urged that these powers, being judicial in their nature, cannot be constitutionally conferred upon a clerk; and, in support of this contention, we are referred to the cases in which this court has held that judicial powers could not be conferred upon the clerks of the district court. We do not think these cases are in point. The constitution itself not only defines the jurisdiction of the district court,

but expressly provides for the election of one or more judges in each judicial district, who "*shall severally have and exercise the powers of the court.*" Const. art. 6, § 4. The entire judicial powers of the district courts having been thus vested, by the constitution, in the judges thereof, it follows that it was not competent for the legislature to vest any part of them in any other officer, except court commissioners, with powers authorized by article 6, § 15, of the constitution. But the municipal court of St. Paul is one of the courts inferior to the supreme court, created by the legislature as provided by article 6, § 1, of the constitution. The constitution neither defines its jurisdiction, (except that it shall be inferior to the supreme court,) nor provides in what officers the powers of the court shall be vested. This is left wholly within legislative control. Hence, if the legislature, in creating the municipal court, deemed it expedient to vest the clerk with power to receive complaints and issue warrants in criminal cases, there was nothing in the constitution to prevent them from so doing.

Both causes are remanded, with direction to the municipal court for judgment and execution in accordance with the verdict.