## STATE EX REL. FRANK NOVAK v. L. F. UTECHT.[1]

October 21, 1938.

No. 31,931.

*Arthur LeSueur,* for appellant.

*William S. Ervin,* Attorney General, and *Roy C. Frank,* Assistant Attorney General, for respondent.

STONE, JUSTICE.

Relator appeals from an order discharging his writ of *habeas corpus* and remanding him to the custody of respondent as warden of the Minnesota State Prison at Stillwater.

February 21, 1910, appellant, after due indictment and trial by jury in the district court of Yellow Medicine county, was convicted

[1]Reported in 281 N. W. 775.

of murder in the second degree. He was thereupon sentenced to imprisonment for life in the state prison, where he now remains. Over a considerable period before his trial, appellant had been insane and so adjudged by Wisconsin authority. From one of the institutions for the insane in that state he made his escape in May, 1909. In August of that year the murder was committed for which he was tried and convicted. The petition in this case is, of course, a collateral attack upon the judgment of conviction. State ex rel. Newman v. Wall, 189 Minn. 265, 249 N. W. 37.

The ground upon which it proceeds is that in violation of the statutes then and now in force, R. L. 1905, 1909 Supp. §§ 4756, 5375; 2 Mason Minn. St. 1927, §§ 9915, 10722, there was no inquiry preliminary to trial in the district court to determine the sanity of appellant. It is the statutory duty of the district court in a proper case not to try the person accused of crime if he is "in a state of idiocy, imbecility, lunacy, or insanity, so as to be incapable of understanding the proceedings or making a defense." There is no court record of any inquiry preliminary to trial concerning the then mental condition of petitioner. One of his defenses, litigated and found against him, was that of insanity at the time the act was committed. There is persuasive evidence extraneous to the record that the late Honorable Gorham Powers, then judge of the twelfth judicial district, did hold a preliminary hearing and make formal finding that petitioner was then sane.

All that we put aside, because whatever the statute requires does not go to the jurisdiction of the district court. State ex rel. Kelly v. Wolfer, 119 Minn. 368, 138 N. W. 315, 42 L.R.A.(N.S.) 978, Ann. Cas. 1914A, 1248. It imposes a duty which should be performed. But nonperformance does not terminate the jurisdiction to proceed. For distinction between statutes going to the jurisdiction and those merely imposing a duty, see Fauntleroy v. Lum, 210 U. S. 230, 28 S. Ct. 641, 52 L. ed. 1039, and Marin v. Augedahl, 247 U. S. 142, 38 S. Ct. 452, 62 L. ed. 1038. Hence there being no ground upon which to question the jurisdiction of the district court to try and convict the petitioner, this collateral attack, as correctly held below, necessarily fails. The district court had jurisdiction of the

450

person of the appellant in the action which resulted in his conviction. So the rule of civil cases (see Marquis v. Wiren, 74 Kan. 775, 87 P. 1135) that a judgment is void which is rendered against an insane person on personal service after he has been adjudged insane and before a guardian has been appointed does not apply.

Order affirmed.