STATE EX REL. JERRY A. CHRISTOPHERSON
v. DOUGLAS C. RIGG.

103 N. W. (2d) 367.

June 3, 1960—No. 37,984.

*Jerry A. Christopherson,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from order of the district court denying relator's petition for a writ of habeas corpus.

Relator was tried and sentenced on conviction of third-degree burglary on February 5, 1958, and is now confined in the State Prison at Stillwater. His contention for his right to the writ of habeas corpus is essentially as follows:

On June 27, 1957, he was referred to the Willmar State Hospital by the district judge for purposes of observation. On September 3 he was committed to that hospital by the probate court and declared to be "mentally ill." He left the hospital without authority on approximately September 30, and was apprehended October 17 and held in the county jail of Chippewa County. On December 2 he was brought before the district court and his case set upon the calendar, which led to his trial and sentence.

At no time had the adjudication of relator's mental illness been vacated by the probate court which committed him. Therefore, he claims that under M. S. A. 610.10 the district court was without jurisdiction to try him for the offense of third-degree burglary.

M. S. A. 610.10 provides as follows:

"No person shall be tried, sentenced, or punished for any crime while in a state of idiocy, imbecility, lunacy, or insanity, so as to be incapable of understanding the proceedings or making a defense; but he shall not be excused from criminal liability except upon proof that at the time of committing the alleged criminal act he was laboring under such a defect of reason, from one of these causes, as not to know the nature of his act, or that it was wrong."

In State ex rel. Novak v. Utecht, 203 Minn. 448, 281 N. W. 775, we held that this statute, which directs the district court not to try a person for crime while he is in a state of insanity, imposes a duty on the court but does not go to its jurisdiction. Hence, failure to comply with the statute is no ground for collateral attack, as by habeas corpus, on the judgment of conviction.

Although technically relator's status as "mentally ill" had not been vacated by the probate court, with respect to insanity as a defense to the commission of a crime, the district court from the medical evidence available concluded that he knew right from wrong. In that connection the district court in its charge said:

"There has been some testimony offered and received in this case as to the mental state or mental condition of the defendant. You are instructed that any mental illness or insanity on his part in order to be a defense must have been of such a degree of severity at the time that the crime was committed that he did not at that time understand the nature of his acts, and that he could not at that time distinguish between right and wrong. *There is no evidence in this case that any mental condition on his part was of that nature.* The testimony, on the other hand, by all the experts called was to the effect that he could distinguish between right and wrong, and he did understand the nature of his acts. For that reason, you will have nothing to do with any claim of insanity on the part of the defendant. You will determine this case according

to the rules I have given you, and you will decide the questions I have now submitted to you." (Italics supplied.)

The record on appeal here is void of any evidence regarding his capacity to stand trial. However, since the question does not go to the jurisdiction of the court and is not ground for collateral attack by habeas corpus on the judgment of conviction, the district court should be affirmed. State ex rel. Novak v. Utecht, *supra*.

Affirmed.