## STATE EX REL. JERRY ADLOF CHRISTOPHERSON v. RALPH H. TAHASH.

111 N. W. (2d) 404.

October 27, 1961—No. 38,336.

234

*Jerry Adlof Christopherson,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, acting warden of Minnesota State Prison.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying relator's petition for a writ of habeas corpus.

Relator was tried and sentenced to the state prison at Stillwater on conviction of third-degree burglary on February 5, 1958. In October 1959 he petitioned the district court for a writ of habeas corpus on the ground that a prior adjudication of the probate court declaring him mentally ill had not been vacated and that as a result the district court was deprived of jurisdiction. We decided that under the facts and circumstances in that case Minn. St. 610.10, which directs the district court not to try a person for crime while he is in a state of insanity, imposes a duty on the court but does not go to its jurisdiction and therefore no ground for attack by habeas corpus was present. State ex rel. Christopherson v. Rigg, 258 Minn. 229, 103 N. W. (2d) 367.

On June 23, 1958, relator was arraigned under Minn. St. 610.31 on an information which charged him with having been convicted of felonies prior to his February 1958 conviction. A purported copy of part of these proceedings is attached to the petition of relator. It discloses that relator did not admit that he had any prior felony convictions as charged in that information and that he again appeared in the same court June 24, 1958, and again denied the accusation con-

tained in the information. Thereupon the court ordered that the truth of the accusations made in the information be submitted to a jury at the "present term of court." It also appears that at that time the court informed relator that it would appoint counsel for him and inquired whether he had any preference as to an attorney residing in Chippewa County to represent him. After some discussion as to an attorney, the court informed relator that it would ascertain whether the attorney suggested by relator was available and if so the court would appoint him. The court also asked relator if he had a second choice and relator referred to an attorney residing in another county. The district judge, the Honorable C. A. Rolloff, then questioned relator as to whether he had any objections to his presiding at the trial on these charges. Relator stated that he would like to have the judge who presided at his former trial and the case was set for trial before that judge, the Honorable E. R. Selnes.

Relator failed to furnish with his petition a copy of subsequent proceedings in connection with the matter. This court thereupon requested that the entire file involving the district court proceedings be forwarded for our examination.[1] The file received disclosed that the district court on June 24, 1958, appointed two attorneys for relator in accordance with his request. Relator appeared before the Honorable C. A. Rolloff, on July 1, 1958, with these attorneys. He stated that he had had four conferences with his attorneys; that he was satisfied with their competence; and that he had no objection now to the person of the court presiding. He then withdrew his plea of not guilty and admitted that the convictions alleged in the information had been made. He was then sentenced to confinement in the state prison at hard labor for a period not to exceed 12 years.

The present petition of relator appears to state the following claims:

(1) The proceedings pursuant to Minn. St. 610.31 are claimed

---

[1] In that connection it is requested that in any future cases where a complete record of proceedings before the district court is not furnished, the office of the attorney general arrange to have the district court file available for our review.

to constitute double jeopardy inasmuch as one of the alleged prior convictions was made known to the trial court at the time of the original sentence and no increased sentence was then imposed. Relator argues that the failure to impose a greater sentence at that time in effect adjudicated that there should be no increased penalty and the present proceeding was unconstitutional.

(2) Relator claims he was deprived of due process of law in that the District Court of Chippewa County failed to provide him with counsel at the time of his arraignment on the present information.

■ It has been long settled that making the penalty for a second felony greater because there has been a first felony violates no constitutional provision. Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 56 L. ed. 917. Minnesota's procedure of resentencing for the second felony at any time before the expiration of the sentence has likewise been upheld by this court. State v. Zywicki, 175 Minn. 508, 221 N. W. 900.

■ Relator contends that another problem is presented by the failure to impose the increased sentence at the time the fact of prior felony convictions was first made known to the trial court. Compliance with § 610.31 is not discretionary, so the failure to increase sentence at the time of the first sentence was not an adjudication that the statute did not apply. On the contrary, § 610.31 imposes the requirement, for the protection of the accused, that a *separate* information must be filed and a hearing had thereon before an increased sentence can be imposed. State v. Pederson, 251 Minn. 372, 88 N. W. (2d) 13.

■ In declaring the increased penalty statute constitutional, this court in State v. Zywicki, 175 Minn. 508, 510, 221 N. W. 900, 901, was careful to point out:

"* * * that the trial procedure here is the same as in trials for criminal offenses; that the defendant has the same right to a speedy trial, to time for preparation, *assistance of counsel,* compulsory process for witnesses, to be confronted with the witnesses against him, to require proof beyond a reasonable doubt, and to all other rights enjoyed by a defendant on trial for a criminal offense." (Italics supplied.)

An accused person also has the right to assistance of counsel at the arraignment. See, 22 C. J. S., Criminal Law, § 411(2). These rights to procedural safeguards are important ones, and must not be lightly regarded.

At the same time, however, habeas corpus furnishes no remedy for correction of insignificant errors. Only errors which violate due process are open to attack collaterally. Thus we have held that even though defendant was not informed of his right to have counsel of his own choice, the fact that competent counsel was appointed for him by the court removed any possible unconstitutionality. State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657.

Where, as here, the defendant pleaded *not guilty* to the charge in the information as to previous felony convictions, we do not see any possible grounds for complaint. When defendant was aware of his right to contest the information, and availed himself of that right, there is nothing further that an attorney could have done for him. In Council v. Clemmer, 85 App. D. C. 74, 75, 177 F. (2d) 22, 23, certiorari denied, 338 U. S. 880, 70 S. Ct. 150, 94 L. ed. 540, the rule is stated as follows:

"There is no constitutional requirement that the accused be represented by counsel on arraignment where he pleads not guilty. There is no abridgment of fundamental rights under these circumstances."

Relator's constitutional rights were not violated and he is not entitled to habeas corpus.

Affirmed.