STATE EX REL. MERLE LE ROY WALTON v. RALPH H. TAHASH.

126 N. W. (2d) 387.

February 14, 1964—No. 39,063.

*Merle Le Roy Walton,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

PER CURIAM.

Relator has petitioned the district court for a writ of habeas corpus, seeking release from confinement in the State Prison. His initial petition was denied by an order dated January 18, 1963, prompting a motion for rehearing which was also denied without a hearing by order dated February 28, 1963. It is from the order denying a rehearing that relator appeals. Since that order is not appealable, we will consider on the merits only that portion of the petition for rehearing which raises a question not disposed

of in the court's prior order.[1] Inasmuch as relator appears pro se, we will, however, allude to the matters raised in the first petition.

By his own admission, relator forged a number of checks in the name of Emil Wheeler, a Minneapolis attorney with whom he lived. The particular offense for which he was convicted occurred on March 7, 1960. At that time he obtained a savings account passbook belonging to Mr. Wheeler, and by forging a withdrawal slip received the sum of $720. Relator was arrested on a complaint signed by an officer of the police department. He was brought into municipal court, was furnished counsel, and waived preliminary examination. An information was thereafter signed and filed by the county attorney charging him with forgery in the second degree. He made his first appearance in district court on April 11, 1960, at which time he was without counsel. The state moved his arraignment, furnished him a copy of the information, and read the contents to him. A brief interrogation by the court disclosed that he was an indigent and qualified for the services of the public defender. The court on its own motion entered a plea of not guilty. On April 13 the relator again appeared in district court, represented by the public defender, who withdrew the plea of not guilty and entered a plea of guilty. Sentence was deferred until May 24, 1960, to permit a presentence investigation. At that time relator was sentenced according to law and placed on probation for a period of 3 years. Apparently probation was revoked on September 2, 1960. Relator has been confined in the State Prison ever since.

1. Relator complains that the information was not executed under oath. However, we find nothing in Minn. St. 628.30 or 628.33 which requires the county attorney to swear to the information.

2. It is further asserted that the complaint was defective in that it was signed by a police officer without knowledge of all the facts rather than by the victim, Emil Wheeler, or the bank from which the money was withdrawn. Under the law of Minnesota the complaint is a formality which may be executed "by one who has but little, if any, knowledge about the facts." State ex rel. Stundahl v. Richardson, 34 Minn. 115, 118, 24 N. W. 354, 356; Minn. St. 629.42. The complaint was therefore proper.

3. It is the contention of relator that he was denied a substantive right by the failure of the court to take into account partial restitution made by him prior to the signing of the complaint. Section 622.17 provides as follows:

"The fact that the defendant intended to restore the property stolen shall

---

[1]Bennett v. Johnson, 230 Minn. 404, 411, 42 N. W. (2d) 44, 49; State v. Alm, 261 Minn. 238, 111 N. W. (2d) 517.

be no ground of defense, nor shall it be received in mitigation of punishment unless the property shall have been restored before complaint charging the commission of the crime has been made to a magistrate."

The statute has no application. It applies only to larceny cases where there has been full restitution. At most, its only effect is to mitigate punishment.

4. Relator's claim that the public defender provided inadequate representation by failing properly to inform him of the law and the facts finds no support in the record. The transcript discloses that when he entered a plea of guilty he stated under oath he understood the possible penalty was for a term up to 10 years, that he was entitled to a trial by jury, and that he enjoyed a presumption of innocence which could only be overcome by proof beyond a reasonable doubt. In addition, he said no promises or threats had induced his plea but that it was made freely of his own accord. He thereupon confessed the details of the offense for which he was convicted. We find no merit in the contention he was not fully informed of his rights.

5. Finally, it is relator's position that it was error to arraign him without counsel. While we agree that the practice of arraigning defendants before counsel is appointed is error, in the absence of a showing that relator has thereby lost a substantive right, the error is without prejudice if a plea of not guilty is entered. State ex rel. Christopherson v. Tahash, 261 Minn. 233, 237, 111 N. W. (2d) 404, 406. We have called attention to the impropriety of this practice in recent decisions. State v. Roy, 266 Minn. 6, 122 N. W. (2d) 615; State ex rel. Lacklineo v. Tahash, 267 Minn. 237, 126 N. W. (2d) 646. However, the record discloses that no rights were waived. There is, therefore, no occasion for a hearing on the petition.

Affirmed.