## STATE EX REL. LeROY DUHN v. RALPH H. TAHASH.

147 N. W. (2d) 382.

December 16, 1966—No. 40,125.

*Gerald Rummel,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, and *Linus J. Hammond,* Assistant Attorney General, for respondent, warden of State Prison.

OTIS, JUSTICE.

Petitioner, LeRoy Duhn, has pled guilty to criminal negligence, a felony, in violation of Minn. St. 609.21. He has not appealed from that

conviction but seeks review of an order of the district court denying his petition for a writ of habeas corpus.

The questions presented are (1) whether the warrant for defendant's arrest was issued upon probable cause as required by U. S. Const. Amend. IV and Minn. Const. art. 1, § 10,[1] and (2) whether defendant has waived his right to challenge the legality of his arrest by pleading guilty without raising that issue at the time of his conviction.

■ The warrant of arrest was based on the following complaint:

"Criminal Negligence Resulting in Death
"M.S.A. 609-21

"CUSTODY

"MUNICIPAL COURT
"CITY OF ST. PAUL

"State of Minnesota ⎞
"County of Ramsey ⎠ SS

"Harry Churchill being duly sworn makes complaint to the above named Court, and says that on the 8th day of November A.D. 1964, at the City of St Paul, and within the corporate limits of said City of St Paul, in the County of Ramsey, and State of Minnesota one LEROY DUHN then and there being, did wrongfully and unlawfully operate a motor vehicle in a grossly negligent manner, and did thereby inflict injuries upon Gary Martin Domain, of which said injuries he, the said Gary Martin Domain did on the 11th day of November, 1964 die, said acts by the said LeRoy Duhn not constituting murder or manslaughter contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Minnesota.

"WHEREFORE COMPLAINANT PRAYS, That said offender may be arrested and dealt with according to law.

"/s/ Harry P Churchill

---

[1] "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

"Sworn to and subscribed and complained of before me, at the said City of St Paul Ramsey County, Minnesota, this 13th day of November A. D. 1964
"SEAL

> "ROBERT E. OTTE
> _____
> Clerk of Municipal Court
>
> "By /s/ E. L. Borden
> _____
> Deputy Clerk"

There is no showing that the complaining witness was examined by a magistrate as required by § 629.42,[2] and petitioner asserts the complaint on its face inadequately establishes probable cause for the issuance of the warrant. We have concluded that defendant's contention is sustained by the decisions of the United States Supreme Court in Giordenello v. United States, 357 U. S. 480, 78 S. Ct. 1245, 2 L. ed. (2d) 1503; Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L. ed. (2d) 723; and Barnes v. Texas, 380 U. S. 253, 85 S. Ct. 942, 13 L. ed. (2d) 818. Accordingly, we hold that the complaint does not meet the requirements of the Fourth Amendment as set forth in the cases cited.

In Giordenello the court applied the rule that inferences from facts which lead to the complaint must " 'be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' * * * The [magistrate] must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose

---

[2] "Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine, on oath, the complainant and any witnesses who shall appear before him, reduce the complaint to writing, and cause it to be subscribed by the complainant; and, if it shall appear that such offense has been committed, he shall issue a warrant, reciting the substance of the complaint, and requiring the officer to whom it is directed to forthwith bring the accused before him, or some other court or magistrate of the county, to be dealt with according to law, and in such warrant require him to summon the witnesses therein named to appear and give evidence on the examination."

arrest is sought has committed a crime." 357 U. S. 486, 78 S. Ct. 1250, 2 L. ed. (2d) 1509.

The complaint in Giordenello was struck down because it contained no affirmative allegation that the complaining witness spoke with personal knowledge of the matters contained in it, nor did it indicate the source of his belief or set forth any other sufficient basis on which a finding of probable cause could be made. Aguilar applied to a search warrant the rules enunciated in Giordenello, noting that they were derived from the Fourth Amendment and not merely from the court's supervisory power over Federal prosecutions. The vice of the complaint in Aguilar was that the allegations concerning possession of narcotics were conclusions drawn by an unidentified informant without a showing that either the complaining witness or the informant spoke with any personal knowledge. Consequently, the magistrate was obliged to accept without question the informant's suspicion rather than judge for himself the persuasiveness of the facts relied on to show probable cause.[3]

These decisions are succinctly summarized in Jaben v. United States, 381 U. S. 214, 224, 85 S. Ct. 1365, 1371, 14 L. ed. (2d) 345, 353, rehearing denied, 382 U. S. 873, 86 S. Ct. 19, 15 L. ed. (2d) 114. There the court said that it is not necessary that each allegation be independently documented or each fact leading to complainant's conclusion be spelled out. "It simply requires that enough information be presented to the [magistrate] to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process."

The United States Supreme Court has made it clear in the cases discussed that its interpretation of the Fourth Amendment is made applicable to the states by the provisions of the Fourteenth Amendment. Consequently, we can no longer assess the sufficiency of a criminal complaint by the tests announced in our prior decisions, and to the extent they are inconsistent with the results here reached we overrule State ex rel. Stundahl v. Richardson, 34 Minn. 115, 24 N. W. 354; State v. Volk,

---

[3] Probable cause may be shown in part by hearsay evidence if the information is furnished by a reliable observer. United States v. Ventresca, 380 U. S. 102, 108, 85 S. Ct. 741, 745, 13 L. ed. (2d) 684, 688.

144 Minn. 223, 174 N. W. 883; State v. Binder, 190 Minn. 305, 308, 251 N. W. 665, 667; and State ex rel. Walton v. Tahash, 267 Minn. 555, 126 N. W. (2d) 387.

Turning to the case at hand, it is apparent on the face of the complaint that there is no showing the complainant had any personal knowledge of the commission of the crime alleged. Indeed, there is no showing what the officer's source of information was, whether hearsay or otherwise, let alone an opportunity for a magistrate to pass on its reliability. We are equally troubled by the failure to comply with § 629.42 which, as the Fourth Amendment has now been construed, clearly applies to felony prosecutions and requires the complaint to be executed before a magistrate rather than a clerk. While this issue has not been raised in the cases to which we have referred, the necessity for an objective and impartial determination by a judicial officer has been consistently treated as a principle so fundamental its application does not seem to have been seriously questioned. We therefore conclude that the complaint in the instant case did not show probable cause for the issuance of the warrant and was not executed before a proper officer.[4] Hence, we hold petitioner's original arrest was illegal.

■ In support of his position that he has not waived his right to challenge the validity of his arrest by a plea of guilty, petitioner cites United States ex rel. Durocher v. LaVallee (2 Cir.) 330 F. (2d) 303. There the court had before it the question of whether the right to counsel under Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. ed. (2d) 799, 93 A. L. R. (2d) 733, should be retroactively granted where it was not asserted until the appeal was taken. The Federal court concluded that a request for court-appointed counsel as a matter of constitutional right prior to the Gideon decision would have been futile under the law

---

[4] City of St. Paul v. Umstetter, 37 Minn. 15, 33 N. W. 115, approves of a statute authorizing the clerk of the St. Paul municipal court to issue warrants for *ordinance* violations. Whether that part of our decision in City of St. Paul v. Ulmer, 261 Minn. 178, 182, 185, 111 N. W. (2d) 612, 615, 616, which sustained the validity of 27 M. S. A. c. 488, Appendix 3, § 35 (now superseded by Minn. St. 488A.27, subd. 3), is still good law in the light of State v. Hoben, 256 Minn. 436, 98 N. W. (2d) 813, and the Aguilar decision, we do not decide.

which then obtained. Waiver is the intentional relinquishment of a known right, and where a defendant is necessarily unaware of the right because it has not yet been recognized, he cannot be said to have waived it. While we do not quarrel with the rule adopted in LaVallee, it has no application to the matter at hand. The Giordenello case was decided in 1958 and the Aguilar decision was handed down June 15, 1964. The petitioner here before us did not plead guilty to the crime of criminal negligence until November 23, 1964, by which time his Fourth Amendment rights had already been enunciated. We therefore hold that he has waived his right to question the propriety of the complaint.[5] Only where the defendant makes a special appearance and challenges the legality of his arrest prior to entering a plea will that issue be preserved on appeal.[6]

We have consistently held that where the court has jurisdiction over the offense, and the defendant is actually present in court, defects in the complaint or in the warrant do not deprive the court of jurisdiction over the defendant's person. The logic of this rule is apparent. It is neither the complaint nor the warrant which determines the charge against which the accused must be prepared to defend. They are merely the means by which he is brought into court. The information is the sole basis for the prosecution on which all subsequent proceedings hinge, including the critical matter of specifying the offense for which defendant has been put in jeopardy. As we view the question, the decisions in Giordenello, Aguilar, and Barnes were designed to give vitality to the provisions of the Fourth Amendment. In effect, the court has imposed sanctions to deter violations of the Constitution by holding that unlawful arrests shall be unavailing, requiring that the accused be released until rear-

---

[5] State ex rel. Brown v. Fitzgerald, 51 Minn. 534, 53 N. W. 799; State v. Nugent, 108 Minn. 267, 121 N. W. 898; State v. Warner, 165 Minn. 79, 205 N. W. 692; State v. Abdu, 173 Minn. 95, 216 N. W. 540; State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99; State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149; State ex rel. Farrington v. Rigg, 259 Minn. 483, 107 N. W. (2d) 841.

[6] City of St. Paul v. Webb, 256 Minn. 210, 97 N. W. (2d) 638, 76 A. L. R. (2d) 1423; State v. McKinnon, 273 Minn. 210, 140 N. W. (2d) 608; State v. Porter, 274 Minn. 419, 144 N. W. (2d) 260.

rested in a manner prescribed by law. This was the position we took in City of St. Paul v. Webb, 256 Minn. 210, 97 N. W. (2d) 638, 76 A. L. R. (2d) 1423, where we made it clear that a subsequent arrest based on probable cause would not place the accused twice in jeopardy.[7] It is significant that in Giordenello, Aguilar, and Barnes the issue of probable cause was raised by an appropriate motion at or prior to trial. No case has been called to our attention where lack of probable cause has been held to deprive the court of jurisdiction if the accused has appeared and entered a plea of guilty.

We therefore conclude that where the court has jurisdiction over both the offense and the offender, and the defendant has failed to challenge the validity of the complaint by a timely motion at or before arraignment and does not otherwise call the matter to the attention of the court before petitioning for a writ of habeas corpus, he waives objection to the manner in which he was arrested. The order denying the petition is therefore affirmed.

Affirmed.

---

[7] See, also, City of St. Paul v. Ulmer, 261 Minn. 178, 111 N. W. (2d) 612.