## STATE v. JACK R. PLANT.

159 N. W. (2d) 404.

June 7, 1968—No. 40,942.

*Jack R. Plant,* pro se, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

Upon his plea of guilty, defendant was convicted of theft by check, Minn. St. 609.52, subd. 2(3) (a), and was sentenced to a term not exceeding 5 years. Although he appears here pro se, he was represented by the public defender in the district court and was fully advised concerning his rights with respect to entering such plea.

Defendant asserts that his arrest was invalid because he was, at the time of arrest, on pass from a Veterans' Hospital; that he could not be convicted of the crime because he had made restitution for the seven checks constituting the offense; and that his counsel was incompetent for not asserting otherwise. The claims are, as a matter of law, utterly without merit.

Defendant's plea would preclude any challenge to the validity of his arrest as a jurisdictional defect. State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382. There is, in any event, no immunity from arrest simply because a person is a patient in a hospital, governmental or otherwise.

Restitution is not a defense to the crime,[1] so there was no incompetence of counsel in not asserting it as a defense. Although immaterial, counsel did apprise the court that defendant's parent had stated to him

---

[1] See, State ex rel. Walton v. Tahash, 267 Minn. 555, 556, 126 N. W. (2d) 387, 389. Minn. St. 1961, § 622.17, was replaced by Minn. St. 609.52, subd. 2(5), in the 1963 Criminal Code. That provision makes no mention of restitution. "[R]estoration or offer to restore," according to the advisory committee's comment on the new section, "should be immaterial." 40 M. S. A. p. 450.

that restitution had been made. If the court was not impressed, however, it was no fault of counsel. Defendant had a record of 11 other check violations since 1959, and if restitution had in fact been made, it did not occur until the day defendant was arrested, some 3 months after the commission of the crime.

Defendant asserts various other claims that his constitutional rights were denied him. These claims, however, are wholly devoid of any support in the record of the proceedings and afford no basis for review at this time. State v. Gilles, 279 Minn. 363, 157 N. W. (2d) 64.

Affirmed.