STATE v. JOHN LIMBERG.

175 N. W. (2d) 175.

January 9, 1970—No. 40421.

*Edward R. Kenneally,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* Hennepin County Attorney, *Henry W. McCarr, Jr.,* Assistant County Attorney, *James E. Miller,* County Prosecuting Attorney, Kent County, Michigan, and *Robert J. Stephan,* Chief Assistant Prosecuting Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

PER CURIAM.

This is an appeal from an order of the district court discharging a writ of habeas corpus, reinstating a rendition warrant, and remanding defendant to custody of the demanding state pursuant to an extradition proceeding. Defendant contends that the trial court erred in denying suppression of the proceedings, which were initiated by a complaint charging forgery of a $123 check in Grand Rapids, Michigan, on or about May 12, 1964.

This case is sequential to a prior adjudication of an appeal by the same defendant. In State v. Limberg, 274 Minn. 31, 142 N. W. (2d) 563, we held that where an alleged fugitive positively and unequivocally testifies that he was not present in the demanding state at the time of the alleged offense, the demanding state must present some testimony, which will be subject to cross-examination by the fugitive's counsel, to support the allegation that the fugitive was present in the demanding state at the time the alleged crime was committed. On remand, the district court proceeded in accordance with that opinion.

It appears from the record that one of defendant's alleged accomplices in the offense charged, one Lorraine Faye Hoffman, testified that she saw defendant in her apartment in the city of Grand Rapids, Michigan, on May 12 and 13, 1964, the alleged date of the offense charged, and that he was then staying at the Herkimer Hotel in Grand Rapids. These

statements were reaffirmed on cross-examination, and defendant did not offer any evidence of his own. In State ex rel. Gegenfurtner v. Granquist, 271 Minn. 207, 208, 135 N. W. (2d) 447, 448, we stated that the four questions to consider in determining the validity of custody in the asylum state pending interstate extradition are:

"(a) Are the demand for extradition and the warrant issued in response to it in proper form?

"(b) Is the criminal charge pending in the requisitioning state adequate to support extradition?

"(c) Is the person seeking relief from extradition proceedings identical with the person named therein?

"(d) Was the person confined by virtue of the extradition warrant actually present in the state where the criminal act was committed at the time thereof or, if not, did he perform an act outside of the requisitioning state intentionally resulting in a crime in such state?"

The record satisfactorily establishes that the foregoing requirements have now been fully met in these proceedings.

It now appears that 5 years after these extradition proceedings were commenced defendant raises objections with respect to venue, the sufficiency of the complaint to state a public offense, and the alleged failure to have the extradition papers signed by an acknowledged magistrate for the State of Michigan. These are makeweight arguments which are controlled by prior decisions of our court in State v. Paulick, 277 Minn. 140, 151 N. W. (2d) 591, and State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382. During the course of these extended proceedings, defendant had ample opportunity to challenge the validity of the complaint by timely motion or before hearing. In the Duhn case, we said:

"* * * [W]here the court has jurisdiction over both the offense and the offender, and the defendant has failed to challenge the validity of the complaint by a timely motion at or before arraignment and does not otherwise call the matter to the attention of the court before petitioning for a writ of habeas corpus, he waives objection to the manner in which he was arrested." 275 Minn. 383, 147 N. W. (2d) 386.

The record satisfactorily establishes that at all stages of the extended proceedings defendant's rights have been protected. Giordenello v. United States, 357 U. S. 480, 78 S. Ct. 1245, 2 L. ed. (2d) 1503. Defendant's challenges to venue and regularity of the extradition proceedings may properly be asserted in the forum of the demanding state.

Affirmed.