## STATE v. RAYMOND J. HARBITZ.

198 N. W. 2d 342.

May 19, 1972—No. 43089.

*Paul A. Skjervold* and *Robert P. Larson,* for appellant.

*Warren Spannaus,* Attorney General, and *David R. Teigum,* County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Gunn, JJ.

TODD, JUSTICE.

Defendant was indicted by a grand jury on charges of falsely reporting a crime of assault and falsely reporting an auto theft. The indictment was returned after the close of the term of court for which the grand jury was impaneled. Defendant's motion to quash the indictment was denied by the trial court, and after the close of the state's evidence, the trial court dismissed the charge of falsely reporting an auto theft. The jury returned a verdict of guilty on the remaining charge. We reverse.

A detailed statement of facts is unnecessary for the disposition of this matter. On October 8, 1969, the grand jury was impaneled

for the spring 1969 term of the Watonwan County District Court to consider evidence against defendant surrounding events occurring on May 27 and 28, 1969. The spring term of court in Watonwan County terminated at midnight October 13, 1969. On October 14, 1969, at the opening session of the 1969 fall term of court, the grand jury presented a bill of indictment against defendant, dated October 14, 1969. On October 16, 1969, defendant moved to quash the indictment on the grounds that it had been returned after the grand jury's term had expired. The trial court first granted defendant's motion, but later recalled the matter and denied the motion. The trial court permitted the prosecution to obtain an affidavit from the foreman of the grand jury, stating that the indictment had been returned on October 9, 1969. On motion of the prosecution, the trial court permitted an amendment to the indictment, apparently under the provisions of Minn. St. 628.19.[1]

1. The trial court was in error since the indictment returned by the grand jury was a nullity. That body of citizens had no official status on October 14, and there was no valid indictment to amend. Section 628.58 provides in part:

"On the completion of the business before it, the court may discharge a grand jury or adjourn its session, from time to time, during the same term. Whether the business shall be completed

---

[1] Minn. St. 628.19 provides: "No indictment shall be insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. At any time before the commencement of the trial the court may permit the amendment of an indictment by counsel for the state both as to form and substance; provided, no change is made in the name or identity of the crime charged; and, provided, that in case an amendment is made the defendant shall be given reasonable notice thereof, and shall have, if he desires it, such further reasonable time as the court may deem proper in which to prepare his defense, which further time shall be at least four days after notice of the amendment, if demanded by the defendant."

or not, *it shall be discharged by the final adjournment of the court."* (Italics supplied.)

The term of court for which the grand jury was impaneled terminated at midnight October 13, 1969. The group of citizens assembled as the grand jury had no legal standing thereafter. Any action purported to be an official act of the grand jury which was taken by this group on October 14 is a nullity, and there can be no valid prosecution of defendant on charges so returned. Having determined the indictment to be a nullity, we need not consider the validity of the purported amendment.

2.   The state contends that defendant has waived his right to raise this objection on appeal, citing State v. Burch, 284 Minn. 300, 170 N. W. 2d 543 (1969), and State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. 2d 382 (1966). However, these cases have been modified by this court in State v. Stark, 288 Minn. 286, 179 N. W. 2d 597 (1970). Applying these principles, we hold that a defendant who moves to quash an indictment prior to trial does not waive his right to question the validity of the indictment by proceeding to a trial of the matter involved in the indictment. The defendant in this case, having properly raised the issue by motion before trial, has preserved his right to have the validity of the indictment considered on appeal.

Having disposed of the appeal, there is no need to consider defendant's other allegations of error. However, after a thorough examination of the record, we have grave doubts as to the sufficiency of the evidence to sustain the conviction. It would appear that a trial court upon retrial of this matter without introduction of any additional evidence would have to enter a judgment of acquittal for defendant.

Reversed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.