717 N.W.2d 451 (2006)
STATE of Minnesota, Appellant,
v.
L.W.J., Respondent.
No. A05-2071.
Court of Appeals of Minnesota.
July 18, 2006.
*453 Mike Hatch, Attorney General, St. Paul, MN; and Douglas Johnson, Washington County Attorney, Richard D. Hodsdon, Assistant County Attorney, Stillwater, MN, for appellant.
Lloyd J. Moosbrugger, St. Paul, MN, for respondent.
Considered and decided by STONEBURNER, Presiding Judge; DIETZEN, Judge; and HARTEN, Judge.

OPINION
DIETZEN, Judge.
Appellant challenges the district court's order granting respondent's petition to expunge her criminal records, arguing that the district court lacked both statutory authority to expunge court records and inherent authority to expunge executive-branch records. Because we conclude that the district court lacked statutory authority under Minn.Stat. § 609A.03 to expunge respondent's court records and lacked inherent authority to expunge executive-branch records, we reverse.

FACTS
In April 2002, appellant State of Minnesota charged respondent L.W.J. with gross-misdemeanor theft in violation of Minn.Stat. § 609.52, subd. 2(1) (2004), for *454 stealing $450 worth of merchandise from an outlet store in Woodbury. Respondent subsequently pleaded guilty to an amended charge of misdemeanor theft and was sentenced to 60 days in jail. The 60-day sentence was suspended on the conditions that respondent successfully complete one year of probation, perform sentence-to-serve hours, pay a fine and restitution, and remain law-abiding.
Following successful completion of the sentencing conditions, respondent filed a petition to expunge the records of her theft conviction under Minn.Stat. § 609A.03 (2004). In the petition, respondent stated,
I am seeking expungement for employment purposes. I know I have made mistakes but I am older and wise and have learned from those mistakes. I am a single mother and have two children who deserve a better life. Providing for my children would be easier if I was employed. When I applied for jobs at the Minnesota Department of Human Services and Minnesota Department of Health, I was informed in writing that I am disqualified due to my criminal record.
Respondent indicated that, "I have gotten my G.E.D., a nice place for my children to live, and have completed training as a certified nurse assistant with the Red Cross and passed the state test. I am looking forward to starting at St. Paul Tech in the fall."
Appellant opposed the petition to expunge, arguing that the district court lacked statutory authority to expunge the records because respondent pleaded guilty and was convicted of the offense and the matter was not therefore resolved "in favor" of respondent. Appellant also argued that the district court lacked inherent authority to expunge executive-branch records.
At the expungement hearing, respondent, through counsel, argued that she had difficulties obtaining employment, that she had rehabilitated herself through education and training, and that the benefits of expungement would therefore outweigh the disadvantages to the public and the court.
Following the hearing, the district court, citing Minn.Stat. § 609A.03, subd. 5(a) (2004), found by clear and convincing evidence that expungement would "yield a benefit to [respondent] commensurate with the disadvantages to the public and public safety of: (1) sealing the record; and (2) burdening the court and public authorities to issue, enforce, and monitor an expungement order." The district court ordered expungement of all official records of respondent's misdemeanor theft conviction, other than non-public Bureau of Criminal Apprehension records. This appeal followed.

ISSUES
I. Does the district court have statutory authority to expunge respondent's criminal records?
II. Does the district court have inherent authority to expunge respondent's executive-branch records?

ANALYSIS

I.
Appellant raises two arguments on appeal. First, appellant argues that the district court lacked statutory authority to grant respondent's petition to expunge because respondent's guilty plea precluded a result "in favor" of respondent as required by statute. Although respondent did not file a brief, we decide the appeal on the merits. Minn. R. Civ.App. P. 142.03.
*455 Statutory interpretation is a question of law, which this court reviews de novo. State v. Stevenson, 656 N.W.2d 235, 238 (Minn.2003). Statutory language is to be interpreted according to its plain and ordinary meaning. Minn.Stat. § 645.08(1) (2004). Whether all proceedings were resolved in a petitioner's favor is a question of law reviewed de novo. State v. Davisson, 624 N.W.2d 292, 295 (Minn. App.2001), review denied (Minn. May 15, 2001).
District courts have both statutory and inherent powers to grant expungement relief. Id. The district court's statutory powers derive from Minn.Stat. §§ 609A.01-609A.03 (2004). Section 609A.02 provides that a petition to seal all records may be filed under section 609A.03, subdivision 3 (2004) upon three specific grounds: (1) following dismissal and discharge of certain controlled substance offenses; (2) in unique cases involving juveniles prosecuted as adults; and (3) more commonly, "if all pending actions or proceedings were resolved in favor of the petitioner." Id. § 609A.02, subds. 1-3 (2004 & Supp.2005). Thus, the only statutory ground available to respondent was the subdivision requiring a resolution in her favor. See id., subd. 3 (Supp.2005). Whether a proceeding was resolved in favor of the petitioner "turns on whether there has been an admission or a finding of guilt." State v. C.P.H., 707 N.W.2d 699, 703 (Minn.App.2006). Thus, statutory expungement is permissible only when there has not been an admission or finding of guilt. State v. J.Y.M., 711 N.W.2d 139, 142 (Minn.App.2006). It is undisputed that respondent pleaded guilty to misdemeanor theft; the proceedings, therefore, clearly were not resolved in her favor, and the district court lacked statutory authority to expunge respondent's criminal records. See id. (holding that the party's guilty plea precluded determination that the proceedings were resolved in his favor and, therefore, the district court lacked authority to order expungement).
The district court, nonetheless, concluded that Minn.Stat. § 609A.03, subd. 5(a) (2004), provided a separate statutory basis for expungement. Section 609A.03, subdivision 5(a), provides:

Except as otherwise provided by paragraph (b), expungement of a criminal record is an extraordinary remedy to be granted only upon clear and convincing evidence that it would yield a benefit to the petitioner commensurate with the disadvantages to the public and public safety of: (1) sealing the record; and (2) burdening the court and public authorities to issue, enforce, and monitor an expungement order.
(Emphasis added). Subdivision 5(b) provides that:
if the petitioner is petitioning for the sealing of a criminal record under section 609A.02, subdivision 3, the court shall grant the petition to seal the record unless the agency or jurisdiction whose records would be affected establishes by clear and convincing evidence that the interests of the public and public safety outweigh the disadvantages to the petitioner of not sealing the record.
Id., subd. 5(b) (2004).
For two reasons, we conclude that subdivision 5 does not provide a separate statutory ground for expungement. First, section 609A.02, which is entitled, "Grounds for Order," expressly sets forth the three statutory grounds for expungement. Minn.Stat. § 609A.02, subds. 1-3. If the legislature had intended additional grounds for expungement, we believe that it would have included those grounds in section 609A.02.
*456 Second, subdivision 5 does not explicitly set forth additional statutory grounds for expungement. And the "[e]xcept as otherwise provided by paragraph (b)" language of subdivision 5(a) suggests that subdivisions 5(a) and 5(b) are complementary and must be read together. See Minn.Stat. § 645.16 (2004) (a statute should be interpreted to give effect to all of its provisions and construed as a whole). When read together, it is clear that subdivision 5(a) limits the application of subdivision 5(b) to petitions for expungement that involve proceedings resolved in favor of the petitioner. Thus, the balancing-of-interests test in subdivision 5(b) is applicable only when the petitioner establishes under section 609A.02, subdivision 3, that all proceedings were resolved in his or her favor.
In summary, a petition for expungement may be filed under Minn.Stat. § 609A.02, subd. 3, if all proceedings were resolved "in favor" of the petitioner. If this ground is met, then the burden shifts to the agency or jurisdiction whose records would be affected by expungement to prove by clear and convincing evidence that the interests of the public in denying expungement outweigh the disadvantages to the petitioner. Id. § 609A.03, subd. 5(b). Conversely, if all proceedings were not resolved in a petitioner's favor, a petition for expungement may not be filed, and the balancing test of Minn.Stat. § 609A.03, subd. 5, is inapplicable. Thus, because the proceedings were not resolved in respondent's favor and Minn.Stat. § 609A.03, subd. 5, does not provide an additional ground for granting statutory expungement, we conclude that the district court lacked statutory authority to expunge respondent's criminal records.
The district court also has inherent authority to expunge court records: (1) when the petitioner's constitutional rights may be seriously infringed by retention of petitioner's records; or (2) if constitutional rights are not involved, when the court finds "expungement will yield a benefit to the petitioner commensurate with the disadvantages to the public from the elimination of the record and the burden on the court in issuing, enforcing, and monitoring an expungement order." State v. Ambaye, 616 N.W.2d 256, 258 (Minn. 2000). We conclude that, because respondent did not request relief under the district court's inherent authority and the district court did not grant expungement under its inherent authority, the expungement of respondent's court records cannot be upheld on the basis of the district court's inherent authority.

II.
Second, appellant argues that because the district court lacked inherent authority to expunge criminal records maintained by executive-branch agencies, it abused its discretion by ordering expungement of the records of law-enforcement agencies and the city, county, and state attorney's offices.
It is well settled that
[e]xpungement becomes essential to the performance of the courts' fundamental function of protecting legal rights only when a petitioner's rights have been violated. Thus, absent evidence that executive agents abused their discretion in the performance of a governmental function, the judiciary may not interfere with the executive's record-keeping function by ordering the expungement of its records.
State v. T.M.B., 590 N.W.2d 809, 812 (Minn.App.1999), review denied (June 16, 1999); see also State v. Schultz, 676 N.W.2d 337, 343-44 (Minn.App.2004) (holding that, absent evidence of injustice resulting from an executive agent's abuse of *457 discretion, the district court oversteps its inherent authority when it orders the executive branch to seal records). Here, the record does not contain any evidence that executive agents abused their discretion; therefore, the district court lacked inherent authority to order expungement of respondent's executive-branch records.

DECISION
Because the district court lacked statutory authority to expunge respondent's court records and inherent authority to expunge executive-branch records, we reverse.
Reversed.
HARTEN, Judge[*] (concurring specially).
I concur in all respects with the court's opinion. I write separately to highlight a statutory provision that requires attention for proper administration of the expungement law. Minn.Stat. § 609A.02, subd. 3 (Supp.2005), is the gatekeeper statute for the filing of expungement petitions. My remarks specifically target petitions seeking to expunge records of certain criminal proceedings not resulting in a conviction. Section 609A.02, subd. 3, provides in pertinent part:
A petition may be filed under section 609A.03 to seal all records relating to an arrest, indictment or information . . . if all pending actions or proceedings were resolved in favor of the petitioner.
(Emphasis added). In order to file a petition, there must be a pre-filing showing that all pending actions or proceedings were resolved in favor of the petitioner. This requires some administrative oversight before a filing can be made and the jurisdiction of the court invoked. I point this out because this court has handled a number of appeals involving expungement petitions in which the proceedings sought to be expunged obviously were not resolved in favor of the petitioner. This results in a waste of judicial resources at both the trial and appellate level on cases that should never have been allowed to enter the system in the first place.
NOTES
[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.