STATE of Minnesota, Respondent,

v.

K.M.M., a/k/a K.M.H., a/k/a K.M.F., a/k/a K.M.M., Appellant.

No. A05–1960.

Court of Appeals of Minnesota.

Sept. 12, 2006.

Mike Hatch, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Cheri A. Townsend, Assistant County Attorney, Hastings, MN, for respondent.

Lynn A. Torgerson, Minneapolis, MN, for appellant.

Considered and decided by ROSS, Presiding Judge; SHUMAKER, Judge; and WRIGHT, Judge.

## OPINION

SHUMAKER, Judge.

Appellant challenges the district court's denial of her petition for expungement of records pertaining to criminal convictions and a dismissed homicide indictment, arguing that the district court had both statutory authority and the inherent power to expunge her records. We affirm the district court's denial of the petition for expungement of appellant's criminal convictions on statutory grounds, but reverse and remand for appropriate findings as to expungement of the criminal convictions under the court's inherent authority and for findings as to expungement of the indictment under statutory and inherent authority.

## FACTS

In 2005, K.M.M. filed a petition with the district court under Minn.Stat. § 609A.03 (2004) to expunge all records pertaining to her 1982 forgery conviction, 1985 conviction of wrongfully obtaining public assistance, and 2000 dismissed indictment for first-degree and second-degree murder. She alleged in her petition that this "background information" caused her termination from her full-time job, prevented her from getting other jobs, and made it difficult to find suitable housing for her and her family.

The court denied the petition, ruling that it lacked authority to expunge records relating to the criminal convictions "because those proceedings were not resolved in [K.M.M.'s] favor" and that K.M.M. had failed to satisfy the statutory requisites for expungement of records relating to the dismissed indictment.

Contending that the court erred in denying her petition, K.M.M. appealed.

## ISSUE

A statute provides that a person may petition to seal records pertaining to criminal charges against that person if the proceedings were resolved in the person's favor. The state dismissed a murder indictment against appellant and elected not to prosecute further. Ruling that it lacked authority to consider appellant's petition because proceedings were not resolved in appellant's favor, the district court denied the petition.

Did the district court err in its ruling?

## ANALYSIS

■ Appellate courts review a district court order granting or denying the ex-

pungement of criminal records for an abuse of discretion. *State v. Davisson*, 624 N.W.2d 292, 296 (Minn.App.2001), *review denied* (Minn. May 15, 2001). The district court has "both statutory and inherent powers to grant expungement relief." *Id.* at 295 (citing *State v. Ambaye*, 616 N.W.2d 256, 257–58 (Minn.2000)).

Statutory authority for expungement of criminal records is provided in Minn. Stat. §§ 609A.01–.03 (2004), which govern the grounds and procedures for expungement of three categories of records: (1) comprehensive law-enforcement records, described in section 13.82, collected or created by agencies that perform a law-enforcement function; (2) records under section 152.18 relating to the deferred prosecution of first-time drug offenders; and (3) identification records, noted in section 299C.11, furnished to the bureau of criminal apprehension by sheriffs and police chiefs. Minn.Stat. § 609A.01 (2004).

Criminal records may be expunged in two ways. First, if the person who is the subject of the records has not been convicted of a felony or gross misdemeanor within ten years immediately preceding the determination of all criminal matters in that person's favor, and either all charges were dismissed before probable cause was found or the prosecutor declined to file charges and the grand jury did not indict the person, that person may demand, without a formal petition, the return of all bureau-of-criminal-apprehension identification records. Minn.Stat. § 299C.11(b) (2004).

The second way to obtain an expungement is through a formal petition based on the grounds provided in section 609A.02. Minn.Stat. § 609A.02 (2004). An expungement under this second method does not result in the actual return of the records but rather in "a court order sealing the records and prohibiting the disclosure of their existence or their opening except under court order or statutory authority." Minn.Stat. § 609A.01. A person may petition for the sealing of records "if the records are not subject to section 299C.11, paragraph (b), and if all pending actions or proceedings were resolved in favor of the petitioner." Minn.Stat. 609A.02, subd. 3.

*Statutory Applicability*

*Criminal convictions*

██ K.M.M.'s criminal convictions do not qualify for expungement under Minn. Stat. § 609A.02, subd. 3. Even though they are not subject to section 299C.11(b), they were not actions or proceedings resolved in K.M.M.'s favor, as required for expungement under the statute.

*Indictment*

██ If K.M.M.'s indictment is not subject to section 299C.11(b), and if it can be said that the murder proceedings were resolved in her favor, she has established a ground for a 609A.03 petition.

██ "Whether all proceedings were resolved in petitioner's favor is a question of law this court reviews de novo." *Davisson*, 624 N.W.2d at 295. A grand jury returned a two-count murder indictment against K.M.M. The state later dismissed the indictment and brought no further charges against K.M.M.

██ Whether a proceeding was resolved in the petitioner's favor "turns on whether there has been an admission or a finding of guilt." *State v. C.P.H.*, 707 N.W.2d 699, 703 (Minn.App.2006). A dismissal is, in a plain sense, a determination in the defendant's favor. If there was no valid admission or finding of guilt, the courts have held that such proceedings were resolved in favor of the petitioner. For example, in *State v. C.A.*, the supreme

court concluded that a case was resolved in favor of the petitioner because the state had dropped the charges after the petitioner's conviction was set aside and a new trial was ordered. 304 N.W.2d 353, 357 n. 3 (Minn.1981). Similarly, in *State v. L.K.*, this court determined that because the petitioner did not plead guilty and the charge was not prosecuted, innocence was presumed and the district court's dismissal of the charge amounted to "a determination in his favor." 359 N.W.2d 305, 307–08 (Minn.App.1984).

It would be disingenuous and untenable to suggest that the murder proceedings were not resolved in K.M.M.'s favor. Thus, the section 299C.11(b) requirement of resolution of proceedings in the petitioner's favor is satisfied, as is the requirement of no felony or gross misdemeanor convictions within ten years immediately preceding the favorable resolution. But the remainder of the section is not satisfied.

■ The murder charges were dismissed only after the grand jury returned its indictment. "[A grand jury's] indictment represents the grand jury's decision that there is probable cause to believe that an offense has been committed and that the defendant committed it." *State v. Carriere*, 290 N.W.2d 618, 620 n. 3 (Minn. 1980); *see also* Minn. R.Crim. P. 18.06, subd. 2 (providing that if there is probable cause, grand jury may return indictment); *State v. Eibensteiner*, 690 N.W.2d 140, 150–51 (Minn.App.2004) (noting that the grand jury's duty is to determine whether there is probable cause to indict), *review denied* (Minn. Mar. 15, 2006). Thus, there was a determination of probable cause *before* the dismissal and there was an indictment. Both factors bar the application of section 299C.11(b). Minn.Stat. § 299C.11(b)(1)(2).

Because K.M.M. has shown that the records pertaining to her indictment are not subject to section 299C.11(b), and because the murder proceedings were resolved in her favor, as required by section 609A.02, subd. 3, the district court is required to grant the petition to expunge through sealing the records "unless the agency or jurisdiction whose records would be affected establishes by clear and convincing evidence that the interests of the public and public safety outweigh the disadvantages to the petitioner of not sealing the record." Minn.Stat. § 609A.03, subd. 5(b) (2004).

■ In its ruling on the indictment records, the district court relied only on section 299C.11 (2004). This was error because, as we have noted, that section is not applicable, and K.M.M. has demonstrated a proper ground for expungement under section 609A.02, subd. 3. Once a ground for expungement under that section is shown, the court must perform the balancing test of section 609A.03, subd. 5(b). *See State v. L.W.J.*, 717 N.W.2d 451, 456 (Minn.App. 2006) (holding that if petitioner establishes under section 609A.02, subd. 3, that all proceedings were resolved in her favor, she is entitled to the balancing-of-interests test in section 609A.03, subd. 5(b)).

Because the district court did not address section 609A.02, subds. 3, 5(b), this record is inadequate for meaningful review. *See State v. Plant*, 280 Minn. 397, 399, 159 N.W.2d 404, 405 (1968) (holding that claims without support in record are not reviewable). Furthermore, the court did not address K.M.M.'s inherent-authority arguments as to either the criminal convictions or the indictment.

■ A district court also has inherent power to expunge as a matter of equity, which this court reviews for abuse of discretion. *Ambaye*, 616 N.W.2d at 261. This inherent authority is exercisable (1) when petitioner's constitutional rights may be seriously infringed by retention of the

records; or (2) when constitutional rights are not involved, but the court determines that "expungement will yield a benefit to the petitioner commensurate with the disadvantages to the public from the elimination of the record and the burden on the court in issuing, enforcing, and monitoring an expungement order." *Id.* at 258 (quotation omitted). To determine whether expungement will yield a benefit commensurate with societal burdens, the following factors are considered: (1) the extent that the petitioner has demonstrated difficulties in securing employment or housing; (2) the seriousness and nature of the offense; (3) the potential risk that the petitioner poses and how this affects the public's right to access the records; (4) any additional offenses or rehabilitative efforts; (5) other objective evidence of hardship under the circumstances. *State v. H.A.*, 716 N.W.2d 360, 364 (Minn.App.2006).

K.M.M. argues that the state has not met its burden as to any of the records on the issue of inherent authority and has failed to overcome the statutory presumption as to the indictment records. Considering our standard of review, it is appropriate that the district court make appropriate findings as to both the propriety of the exercise of its inherent authority and as to the section 609A.03, subd. 5, balancing test. In making its findings, the court in its discretion may rely on the record already created or may allow additional evidence and argument as it deems appropriate.

## DECISION

Thus, we affirm the district court's determination that K.M.M. is not entitled to statutory expungement of records pertaining to her criminal convictions but reverse and remand as to the remaining statutory issues and as to the issue of inherent authority.

**Affirmed in part, reversed in part, and remanded.**