**In the Matter of the Petition of H.A.L.**

**No. A12–1235.**

Court of Appeals of Minnesota.

April 1, 2013.

Cynthia Jahnke, St. Paul, MN, for appellant Commissioner of Human Services.

H.A.L., New York Mills, MN, pro se respondent.

Considered and decided by CLEARY, Presiding Judge; ROSS, Judge; and SMITH, Judge.

## OPINION

SMITH, Judge.

Appellant challenges the portion of the district court's order expunging the juvenile-delinquency records of respondent, which required appellant to seal its files. Because Minn.Stat. § 245C.08, subd. 1(b), requires service of the petition for expungement upon appellant-department, we reverse in part and remand.

## FACTS

The underlying facts are undisputed. On May 7, 2008, the district court adjudicated respondent H.A.L., a minor at the time, delinquent due to her involvement in a burglary offense. H.A.L. received probation. On October 23, 2009, after restitution was satisfied, the district court discharged H.A.L.'s probation.

On December 14, 2011, H.A.L. filed a petition to expunge her delinquency adjudication in order to pursue career aspirations in nursing or physical therapy. H.A.L. served the petition on a variety of individuals and agencies, but omitted appellant Minnesota Department of Human Services (DHS).

On February 22, 2012, the district court heard the petition. After the parties agreed that the petition should proceed under Minnesota statute section 260B.198, subdivision 6, H.A.L. argued that she served her request on "multiple parties ... without any response" and urged the district court to issue the expungement. The only concern raised by the county attorney was the relatively short amount

of time between the commission of the offense and the requested expungement. On May 17, 2012, the district court ordered the expungement, concluding that it was in H.A.L.'s best interest. The district court specifically instructed DHS to seal its records after noting that section 260B.198 contained no notice requirement. This appeal followed.

## ISSUE

Does Minn.Stat. § 245C.08, subd. 1(b), require service of a petition for expungement of a juvenile-delinquency adjudication upon DHS if the petitioner's desired remedy is the sealing of DHS records before a district court may exercise its discretion under Minn.Stat. § 260B.198, subd. 6, and order DHS to seal its records?

## ANALYSIS

This case requires the harmonization of two statutory provisions that each relate to the expungement process. The first directly addresses the expungement process and provides: "[Except in circumstances not at issue here] the court may expunge the adjudication of delinquency at any time that it deems advisable." Minn.Stat. § 260B.198, subd. 6. The second, alleged by appellant DHS to incorporate a service requirement into the expungement process, states:

> Notwithstanding expungement by a court, the commissioner may consider information obtained [from juvenile courts as part of a background study for any individual applying to work in a licensed program or from the Bureau of Criminal Apprehension], unless the commissioner received notice of the petition for expungement and the court order for expungement is directed specifically to the commissioner.

Minn.Stat. § 245C.08, subd. 1(b). It is undisputed that DHS did not receive notice of H.A.L.'s petition for expungement. Whether such notice was required is the issue on appeal.

Questions of statutory interpretation are reviewed de novo. *State v. L.W.J.*, 717 N.W.2d 451, 455 (Minn.App.2006). Our primary objective when engaging in statutory interpretation is to ascertain and effectuate the intent of the legislature. Minn.Stat. § 645.16 (2012). When statutory language is unambiguous, we apply its plain meaning. *State v. Kelbel*, 648 N.W.2d 690, 701 (Minn.2002), *cert. denied*, 537 U.S. 1175, 123 S.Ct. 1000, 154 L.Ed.2d 919 (2003).

Minnesota statutes require that DHS conduct background studies of any person who provides direct-contact services in any licensed facility or program administered by DHS or other specified state agencies. *See* Minn.Stat. §§ 245C.03, .04 (2012). These background checks include juvenile records. *See* Minn.Stat. § 245C.08, subd. 4 (2012). If a DHS review reveals "a conviction of, admission to, or Alford plea to one or more crimes listed in section 245C.15," the commissioner shall disqualify the individual from any position that would allow direct contact with persons receiving services. Minn.Stat. § 245C.14, subd. 1(a)(1) (2012). Here, H.A.L. pleaded guilty to third-degree burglary. Section 245C.15, subdivision 2, specifically identifies felony-level burglary and requires a fifteen-year mandatory disqualification. "[A] finding that a delinquency petition is proven in juvenile court shall be considered a conviction in state district court." Minn.Stat. § 245C.08, subd. 4(d) (2012). Based on the statutory duties of DHS, it is undisputed that H.A.L.'s career aspirations would collide with DHS's required background checks.

██ "When a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both." Minn.Stat. § 645.26, subd. 1 (2012). We conclude that the statutory provisions at issue are unambiguous. *See Am. Family Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (stating that statute is ambiguous only when capable of multiple reasonable interpretations). Section 260B.198, subdivision 6, grants a district court broad discretion to expunge an adjudication of delinquency when it deems such action advisable. But, we must also be mindful of the plain language of section 245C.08, subdivision 1(b). *"Notwithstanding expungement by a court,* the commissioner may consider information obtained [from juvenile records], unless *the commissioner received notice of the petition for expungement...."* Minn.Stat. § 245C.08, subd. 1(b) (emphasis added). This language speaks to a purpose separate from the district court's discretion to order an expungement. Rather, it provides DHS the ability to review records, *notwithstanding* the action of the district court, unless provided notice of the initial petition. This requirement aids DHS in its statutorily required background checks to ensure that those providing direct-contact services at licensed facilities are duly qualified. *See* Minn.Stat. §§ 245C.03, .04. Section 245C.08, subdivision 1(b), is designed to ensure that DHS has the opportunity to be heard on any expungement petition to further its statutory duty. Because the purpose of each statute is mutually exclusive, there is no conflict. Although section 260B.198, subdivision 6, does not contain an explicit service requirement, we cannot render meaningless the plain language of section 245C.08, subdivision 1(b), and permit DHS records to be sealed if DHS was not served with the petition. *Schroedl,* 616 N.W.2d at 277.

The proper path requires a petitioner to serve DHS with an expungement petition to ensure that the district court receives complete information. Failure to serve DHS with the petition necessarily limits the reach of the district court's expungement order as DHS would remain in a position to consider any information in its records.

Because H.A.L. failed to provide DHS with notice of her expungement petition, the district court did not apply statutory requirements when it ordered DHS to seal its records. As a result, we reverse only the portion of the district court's order that requires DHS to seal its records. This opinion shall act as the required notice to DHS of H.A.L.'s petition as required by section 245C.08, subdivision 1(b). And we remand this petition to the district court to provide DHS a full opportunity to voice any concerns. It is then within the district court's sound discretion to determine whether to order DHS to seal its records and effectuate a complete expungement. *See* Minn. R. Civ.App. P. 103.04 (appellate court may take any action of appeal that furthers the interests of justice).

## DECISION

██ Because H.A.L. did not serve DHS with her petition for juvenile expungement, we reverse and remand only that portion of the district court's order to allow DHS the opportunity to be heard on the motion. From this point forward, parties are on notice that service is required pursuant to section 245C.08, subdivision 1(b) if their aim is the sealing of DHS records in an expungement proceeding under section 260B.198, subdivision 6.

**Reversed in part and remanded.**