STATE of Minnesota, Appellant,

v.

A.S.E., Respondent.

Nos. A13–0116, A13–0117.

Court of Appeals of Minnesota.

Aug. 19, 2013.

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Shirley A. Leko, Assistant County Attorney, Hastings, MN, for appellant.

A.S.E., Hinsdale, IL, pro se respondent.

Considered and decided by HUDSON, Presiding Judge; STONEBURNER, Judge; and SCHELLHAS, Judge.

## OPINION

HUDSON, Judge.

In these consolidated expungement appeals, the state argues that (1) respondent is not entitled to expungement of records held by the judicial branch; and (2) the district court's inherent authority does not extend to expungement of executive-branch records. Because the district court exceeded the scope of its inherent authority in ordering expungement of executive-branch records and failed to make sufficient findings to support expungement of judicial-branch records, we reverse the expungement orders and remand for findings.

## FACTS

In September 1996, respondent A.S.E. pleaded guilty to felony theft by wrongfully obtaining welfare benefits in violation of Minn.Stat. § 256.98, subd. 1 (1994). In March 1997, a jury found respondent guilty of misdemeanor fifth-degree assault in violation of Minn.Stat. § 609.224, subd. 1 (1996). A.S.E. was discharged from probation for each offense in 1999.

In October 2012, respondent filed two petitions requesting expungement of the convictions. Respondent argued that retention of the records infringed upon her constitutional rights and that the benefits to her in terms of employment, educational licensure, and housing outweighed the burdens expungement would impose on the public and the court.

Following a hearing in December 2012, the district court issued orders granting each petition, holding that there was "clear and convincing evidence that sealing the record would yield a benefit to petitioner commensurate with the disadvantages to the public and public safety of: (1) sealing the record; and (2) burdening the court and public authorities to issue, enforce, and monitor an expungement order." The district court made no findings to support this determination either at the hearing or in its orders, relying on a template order for expungement.[1] The orders sealed all judicial- and executive-branch records relating to the convictions. The state timely appealed both orders, and we subsequently granted respondent's motion to consolidate the appeals.

## ISSUES

I.   Did the district court exceed its inherent authority when it expunged executive-branch records of respondent's criminal convictions?

II.   Did the district court abuse its discretion by using its inherent authority to expunge judicial-branch records of respondent's criminal convictions?

## ANALYSIS

### I

Appellant argues that the district court exceeded its inherent authority by

---

1. The template form is available on the Minnesota Judicial Branch website at http:// www.mncourts.gov/forms/public/forms/ Criminal_Expungement/EXP106.pdf.

ordering expungement of executive-branch records of respondent's convictions. Minnesota courts have both statutory and inherent authority to expunge criminal records. *State v. M.D.T.*, 831 N.W.2d 276, 279 (Minn.2013); *see also* Minn.Stat. §§ 609A.01–.03 (2012).[2] Minn.Stat. § 609A.02 allows for expungement under a limited set of circumstances, none of which are present here.[3] Determining whether the district court exceeded the scope of its inherent authority to expunge criminal records is a question of law, which we review de novo. *M.D.T.*, 831 N.W.2d at 279.

■ After the district court issued its orders, the supreme court released its opinion in *M.D.T.*, clarifying the scope of the district court's inherent authority to expunge records held by the executive branch. *M.D.T.* held that the judicial branch does not have the inherent authority to order expungement of executive-branch records because it is "not necessary to the performance of a unique judicial function." *Id.* at 283. However, there is an exception to this rule that

> [e]xpungement becomes essential to the performance of the courts' fundamental function of protecting legal rights only when a petitioner's rights have been violated. Thus, absent evidence that executive agents abused their discretion in the performance of a governmental function, the judiciary may not interfere with the executive's record-keeping function

by ordering the expungement of its records.

*State v. T.M.B.*, 590 N.W.2d 809, 812 (Minn.App.1999), *review denied* (June 16, 1999). This exception is "well settled." *State v. L.W.J.*, 717 N.W.2d 451, 456 (Minn.App.2006).

Respondent argues that her theft conviction falls under this exception because agents of the executive branch abused their discretion in the execution of her theft sentence. Respondent claims this occurred when she was charged restitution in excess of what she actually owed. But the evidence submitted by respondent, consisting of a letter from Hennepin County and a check stub from Dakota County, establishes that the county recalculated the AFDC overpayments, determined that respondent had been overcharged, and reimbursed respondent for the net overpayment amount. Because respondent was reimbursed, and because there is no evidence the error was intentional or malicious, this mistake does not constitute an abuse of discretion by agents performing an executive function that would require expungement of executive-branch records. We conclude that the district court exceeded its authority by expunging executive-branch records, and we reverse that portion of the district court's orders.

## II

■ Appellant argues that the district court abused its discretion by expunging

---

**2.** The term "executive branch records," as used in this opinion, includes records created in the judicial branch and held in the executive branch, as well as records both created and held in the executive branch. *See M.D.T.*, 831 N.W.2d at 280 n. 2.

**3.** Respondent argues that her petition falls under Minn.Stat. § 609A.03, subd. 5. This argument is misplaced. While section 609A.03 lays out the procedures to be followed in petitioning for expungement, it does not define the scope of expungement.

Expungement by statute is limited to certain controlled-substance crimes, certain juvenile offenders prosecuted as adults, and certain criminal cases that did not result in convictions. *M.D.T.*, 831 N.W.2d at 282 (citing Minn.Stat. § 609A.02). The expungement statutes do not provide for expungement of the records of respondent, who was convicted as an adult of fifth-degree assault and theft by wrongfully obtaining welfare benefits.

records of respondent's convictions held in the judicial branch. The district court has inherent authority to order expungement of criminal records held in the judicial branch as part of "the inherent power of the court to control its internal records." *M.D.T.*, 831 N.W.2d at 282 (quoting *State v. C.A.*, 304 N.W.2d 353, 361 (Minn.1981)). We review a district court's exercise of its inherent authority to expunge criminal records for abuse of discretion. *State v. Ambaye*, 616 N.W.2d 256, 261 (Minn.2000). A district court's findings of fact supporting expungement will not be set aside unless clearly erroneous. *State v. H.A.*, 716 N.W.2d at 363.

■ A district court may exercise its inherent expungement authority if "the petitioner's constitutional rights may be seriously infringed by retention of [her] records" or if "expungement will yield a benefit to the petitioner commensurate with the disadvantages to the public from the elimination of the record and the burden on the court in issuing, enforcing and monitoring an expungement order." *Ambaye*, 616 N.W.2d at 258 (quotations omitted).

■ The district court granted each petition for expungement, stating that there was clear and convincing evidence that the benefit of expungement to the petitioner was commensurate with the disadvantages to the public. In reaching such a determination, the district court is to consider

(a) the extent that a petitioner has demonstrated difficulties in securing employment or housing as a result of the records sought to be expunged; (b) the seriousness and nature of the offense; (c) the potential risk that the petitioner poses and how this affects the public's right to access the records; (d) any additional offenses or rehabilitative efforts since the offense[;] and (e) other objec-

tive evidence of hardship under the circumstances.

*State v. H.A.*, 716 N.W.2d at 364.

This court has previously stated: "While we appreciate the informality of expungement proceedings, we are unable to review whether a grant or denial of expungement constitutes an abuse of discretion unless the district court makes findings or determinations on the record regarding these factors." *Id.; see also State v. K.M.M.*, 721 N.W.2d 330, 335 (Minn.App.2006) (reversing and remanding for findings when a district court declined to exercise its inherent authority to expunge but failed to make findings on the *H.A.* factors).

■ Here, the district court checked various boxes on the template order and reached its conclusion without analyzing the factors articulated in *H.A.* or making any findings of fact relevant to those factors. Without specific findings, we are unable to determine if the district court abused its discretion by concluding that expungement of respondent's records in the judicial branch would yield a benefit commensurate with the disadvantages to the public. *See H.A.*, 716 N.W.2d at 364. We therefore reverse the portion of the expungement orders relating to criminal records held in the judicial branch and remand for findings.

Respondent argues that, alternatively, the expungement of her criminal records is warranted because her constitutional rights would be seriously infringed by retention of her criminal records because of constitutional violations that occurred in each case. *See In re R.L.F.*, 256 N.W.2d 803, 807–08 (Minn.1977). Respondent first argues that Dakota County lacked jurisdiction to prosecute her for theft by wrongfully obtaining public assistance because she was living in Hennepin County at the time of the charged offense. But the complaint alleged that the offense took place in Da-

kota County, and respondent admitted the same in her petition to plead guilty. This admission is sufficient to establish Dakota County's jurisdiction to prosecute the offense. *See Rickert v. State,* 795 N.W.2d 236, 242 (Minn.2011) ("It is well established that a defendant, by [her] plea of guilty, in effect judicially admits the allegations contained in the complaint." (quotation omitted)).

 Respondent next argues that at her trial for fifth-degree assault, the bailiff read the jury a racist poem relating to the O.J. Simpson trial that prejudiced the jury. Respondent states that her attorney became aware that this poem was read to the jury and moved for a mistrial. The district court denied the motion and instructed the jury to disregard the poem. Based on respondent's own account, any error that occurred when the bailiff allegedly read the objectionable poem was harmless, because we assume that juries follow the district court's instructions. *See State v. Taylor,* 650 N.W.2d 190, 207 (Minn.2002). Additionally, respondent's argument cannot be reconciled with the actual jury verdict, which found her not guilty of the two most serious charges against her and guilty of fifth-degree assault. Logically, if the jury's verdict was based on race and not an objective determination of guilt, the jury would have found her guilty on all counts.

Respondent asserts that expungement is warranted due to other constitutional and human rights violations, but this argument is not supported by argument or citation to relevant legal authority and is therefore deemed waived. *See State v. Krosch,* 642 N.W.2d 713, 719 (Minn.2002).

## DECISION

Because the district court exceeded its authority by ordering expungement of respondent's criminal records held in the executive branch, we reverse that portion of the expungement orders. Because the district court did not make sufficient findings to support its expungement of respondent's criminal records held in the judicial branch, we reverse that portion of the expungement orders and remand for reconsideration and findings analyzing the factors outlined in *H.A.*

**Reversed and remanded.**