# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-0905
# A15-1117

In the Matter of the Welfare of: J.T.L., Child

**Filed December 28, 2015**
**Remanded**
**Rodenberg, Judge**

Stearns County District Court
File No. 73-J0-01-050965

Janelle P. Kendall, Stearns County Attorney, Dana D. Erickson, Assistant County Attorney, St. Cloud, Minnesota (for appellant State of Minnesota)

Lori Swanson, Attorney General, Marsha Eldot Devine, Assistant Attorney General, St. Paul, Minnesota (for appellant Minnesota Department of Human Services)

Thomas A. Wilson, Wilson Law Firm P.L.L.C., St. Paul, Minnesota (for respondent J.T.L.)

Considered and decided by Rodenberg, Presiding Judge; Reilly, Judge; and

Klaphake, Judge.*

## S Y L L A B U S

In deciding a petition to expunge juvenile delinquency records, a district court

must make findings of fact concerning the factors set forth in Minn. Stat. § 260B.198,

subd. 6(b) (2014).

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## O P I N I O N

**RODENBERG**, Judge

Appellants State of Minnesota and Department of Human Services (DHS) appeal from the district court's grant of respondent J.T.L.'s motion for expungement of his juvenile criminal-sexual-conduct adjudication. Because we determine that the district court erred by failing to making findings on the record analyzing the factors set forth in Minn. Stat. § 260B.198, subd. 6(b), we remand for findings of fact concerning those statutory factors.

## FACTS

On June 7, 2001, respondent J.T.L. was charged by delinquency petition with three counts of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(a) (2000), and one count of fifth-degree criminal sexual conduct in violation of Minn. Stat. § 609.3451, subd. 1(2) (2000). On February 1, 2002, and based on his pleas of guilty, respondent was adjudicated delinquent on all four counts of criminal sexual conduct. As a condition of his resulting juvenile probation, respondent was ordered to complete inpatient sex-offender treatment. He was successfully discharged from treatment on January 24, 2003. He was discharged from probation on March 16, 2004, based on his supervising agent's determinations that he had cooperated with all of his court-ordered conditions and that his risk level for reoffending was low. Respondent has had two traffic citations and an underage-consumption conviction after his discharge from juvenile probation.

On February 4, 2015, respondent moved for expungement of his juvenile record pursuant to Minn. Stat. § 260B.198, subd. 6, and for restoration of his firearm rights pursuant to Minn. Stat. § 609.165, subd. ld (2014). Both motions were heard by the district court on April 10, 2015. Respondent testified in support of his requests. He also provided the district court with documents attesting to his post-treatment achievements. His attorney provided the district court with proposed orders concerning both expungement and restoration of firearm rights.

Appellant State of Minnesota opposed the motion for expungement and submitted respondent's November 2001 psychosexual evaluation, his sex-offender-treatment discharge summary, and two preadjudication victim-impact letters. The Minnesota Bureau of Criminal Apprehensions (BCA) did not appear, but opposed appellant's motions by letter. Appellant DHS also opposed the expungement motion by a letter and memorandum of law.

On May 12, 2015, the district court granted both of respondent's motions by adopting his proposed orders nearly verbatim. The district court's expungement order provides that "[t]his order restores the child to the status occupied before the arrest. The child will not be guilty of perjury for failure to acknowledge the arrest or proceeding in response to any inquiry made for any purpose." The district court added a handwritten provision stating that "[w]hen applying for positions of authority over minor children or vulnerable adults, Petitioner-Child must disclose the existence of this sealed file." No mechanism for enforcement of this obligation is specified in the order. The district court did not make any express findings based on the factors enumerated in section 260B.198,

3

subdivision 6(b), to support its conclusion that "expungement would . . . yield a benefit to the child that outweighs the detriment to the public and public safety." Both the state and DHS appealed the district court's expungement order, but neither appealed the order restoring appellant's firearm rights.[1] We consolidated appellants' appeals by order dated July 15, 2015.

## ISSUE

Did the district court err by failing to make findings concerning the factors required to be considered in determining an expungement request concerning juvenile records under Minn. Stat. § 260B.198, subd. 6(b)?

## ANALYSIS

Appellants State of Minnesota and DHS argue that the district court erred by failing to make specific findings supporting expungement of respondent's juvenile records under section 260B.198, subdivision 6(b).[2]

Statutory interpretation is a question of law that is reviewed de novo. *In the Welfare of J.J.P.*, 831 N.W.2d 260, 264 (Minn. 2013). "The goal of all statutory interpretation is to ascertain and effectuate the intent of the Legislature." *Id.* (citing Minn. Stat. § 645.16 (2012)). In interpreting statutory language, words and phrases are to be given their plain and ordinary meaning. *In re Welfare of J.H.*, 844 N.W.2d 28, 35 (Minn. 2014) (citing *State v. Spence*, 768 N.W.2d 104, 107 (Minn. 2009)); *see also* Minn.

---

[1] Because the district court's order restoring respondent's firearms rights is not challenged on appeal, it is final and unaffected by this appeal.
[2] The BCA has not appealed.

4

Stat. § 645.08(1) (2014). "We read a statute as a whole and give effect to all of its provisions." *J.J.P.*, 831 N.W.2d at 264.

The newly revised Minn. Stat. § 260B.198, subd. 6, requires a district court to determine whether the benefit of expungement to the petitioner outweighs the detriment of expungement to the public and public safety. Minn. Stat. § 260B.198, subd. 6(a) (2014). The statute also provides that:

> (b) In making a determination under this subdivision, the court *shall consider*:
> (1) the age, education, experience, and background, including mental and emotional development, of the subject of the record at the time of commission of the offense;
> (2) the circumstances and nature and severity of the offense, including any aggravating or mitigating factors in the commission of the offense;
> (3) victim and community impact, including age and vulnerability of the victim;
> (4) the level of participation of the subject of the record in the planning and carrying out of the offense, including familial or peer influence in the commission of the offense;
> (5) the juvenile delinquency and criminal history of the subject of the record;
> (6) the programming history of the subject of the record, including child welfare, school and community-based, and probation interventions, and the subject's willingness to participate meaningfully in programming, probation, or both;
> (7) any other aggravating or mitigating circumstance bearing on the culpability or potential for rehabilitation of the subject of the record; and
> (8) the benefit that expungement would yield to the subject of the record in pursuing education, employment, housing, or other necessities.

Minn. Stat. § 260B.198, subd. 6(b)(1)-(8) (2014) (emphasis added). The parties disagree concerning whether the statutory requirement that the district court "shall consider" these factors also requires that it make findings of fact. Appellants argue that the district court

5

is required to make written or oral findings regarding the factors. Respondent argues that the plain meaning of "consider" includes no requirement of specific findings.

The use of "shall consider" in Minn. Stat. § 260B.198, subd. 6(b), is identical to the language in Minn. Stat. § 609A.03, subd. 5(c) (2014) (outlining factors for expungement of adult criminal records). In *State v. K.M.M.*, we reversed and remanded because the district court failed to apply Minn. Stat. § 609A.03, subd. 5(c)'s balancing-of-interests test, and we directed that the district court on remand make "appropriate findings" concerning the statutory factors. 721 N.W.2d 330, 334-35 (Minn. App. 2006).

Similarly, we have required district courts to articulate findings in expungement cases decided pursuant to the court's inherent authority. In *State v. H.A.*, we reversed the district court's expungement order because the absence of "findings or determinations on the record" rendered us unable to review whether the district court had abused its discretion concerning expungement. 716 N.W.2d 360, 364 (Minn. App. 2006). In *State v. A.S.E.*, we reversed and remanded an expungement order where "the district court checked various boxes on the template order and reached its conclusion without analyzing the factors articulated in *H.A.* or making any findings of fact relevant to those factors." 835 N.W.2d 513, 517 (Minn. App. 2013). Without such specific findings, we were "unable to determine if the district court abused its discretion." *Id.*

In 2014, the Minnesota Legislature amended Minn. Stat. § 260B.198, subd. 6, to expand the juvenile court's expungement authority. Among other things, district courts were granted authority to expunge executive-branch juvenile records, and the enabling statute provided a new list of required "considerations" concerning expungement of such

6

records. *Compare J.J.P.*, 831 N.W.2d at 266 (holding that the 2012 version of the statute did not provide for the expungement of executive-branch records preceding the juvenile delinquency adjudication and noting the lack of factors to determine when granting an expungement was "advisable") *with* Minn. Stat. § 260B.198, subd. 6 (2014) (permitting district courts to expunge "all records relating to delinquency at any time if the court determines that expungement of the record would yield a benefit to the subject of the record that outweighs the detriment to the public and public safety . . . ."). The legislature did not expressly require written findings. *Cf.* Minn. Stat. § 260B.198, subd. 1(12), (13) (requiring written findings concerning mental health and chemical dependency needs and supporting an ordered disposition). But neither did it indicate that findings of fact are not required. The legislature used language identical to that which our prior caselaw indicates requires findings of fact. *K.M.M.*, 721 N.W.2d at 334-35. Our review of the legislative history of this statutory provision reveals only that the "shall consider" language was consistently used throughout the legislative process, without any detailed identification of the reason this language was chosen. *Compare* First Reading of H.F. No. 2576 (March 3, 2014) *with* 2014 Minn. Laws ch. 246, § 3.

We have previously stated: "While we appreciate the informality of expungement proceedings, we are unable to review whether a grant or denial of expungement constitutes an abuse of discretion unless the district court makes findings or determinations on the record regarding [expungement] factors." *A.S.E.*, 835 N.W.2d at 517 (quoting *H.A.*, 716 N.W.2d at 364); *K.M.M.*, 721 N.W.2d at 335. Those same considerations concerning meaningful appellate review remain after the 2014 amendment

7

of Minn. Stat. § 260B.198, subd. 6. The legislature's detailed list of required considerations enhances the need for specific findings to enable meaningful appellate review. Absent findings on the required statutory considerations, we are unable to determine whether the district court acted within its discretion in ordering expungement. *See A.S.E.*, 835 N.W.2d at 517. *See also Civil Commitment of Spicer*, 853 N.W.2d 803, 809-10 (Minn. App. 2014) (observing that meaningful appellate review requires "particular findings").

Here, as in *A.S.E.*, the district court checked various boxes on a template order and reached its conclusion. *See A.S.E.*, 835 N.W.2d at 517. Although it is evident from the transcript that the district court considered at least some of the Minn. Stat. § 260B.198, subd. 6(b), factors, the record does not reveal which factors the district court found to support expungement and which, if any, of the factors it found to weigh against expungement. The district court's inclusion of a handwritten requirement that respondent "must disclose the existence of this sealed file" in some instances demonstrates its consideration of the competing statutory factors. That added provision emphasizes the tension between the competing considerations, and suggests that the district court found that expungement's benefit to appellant outweighs the detriment to the public and public safety very narrowly and only if appellant is obligated to "disclose the existence" of the sealed file when seeking work involving children or vulnerable adults. But the absence of specific findings precludes meaningful appellate review of the district court's exercise of its discretion in concluding that expungement of respondent's juvenile record would yield a benefit to him that outweighs the detriment to the public and public safety. *See id.*

8

at 518. We therefore remand to the district court for findings of fact concerning the statutory factors.[3]

## D E C I S I O N

Because the district court did not make sufficient findings of fact to enable appellate review of its order expunging respondent's juvenile criminal records, we remand for findings of fact concerning the factors outlined in Minn. Stat. §260B.198, subd. 6(b).[4]

**Remanded.**

---

[3] Appellants urge us to resolve the expungement request on the merits by reversing the district court's order without remand. We decline to do so. The statute plainly contemplates that findings of fact are the province of the district court. *See* Minn. Stat. § 260B.007 (2014) (defining "court" as the "juvenile court unless otherwise specified").

[4] Our remand indicates neither approval nor disapproval of the district court's exercise of its discretion.