*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1697**

In the Matter of the Welfare of: P. J. S.

**Filed March 28, 2016
Reversed in part and remanded
Rodenberg, Judge**

Olmsted County District Court
File No. 55-JV-14-7254

Lori Swanson, Attorney General, Kristine Hartman Word, Assistant Attorney General, St. Paul, Minnesota (for appellant Department of Human Services)

Mark A. Ostrem, Olmsted County Attorney, Karen A. Arthurs, Assistant County Attorney, Rochester, Minnesota (for appellant Olmsted County)

Cathryn Middlebrook, Chief Appellate Public Defender, Leslie J. Rosenberg, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Cleary, Chief Judge; Rodenberg, Judge; and Smith, John, Judge.*

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant Department of Human Services (DHS) challenges the district court's order directing it to expunge the juvenile-delinquency records of respondent P.J.S. because it was not served with the expungement petition. Appellant Olmsted County (Olmsted County) challenges the expungement order in its entirety, arguing that the

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

district court abused its discretion in ordering expungement. Because *In re H.A.L.* requires service on DHS when expungement of its records is sought, we reverse and remand that portion of the order pertaining to DHS. 828 N.W.2d 476, 479 (Minn. App. 2013). Because the district court's findings are insufficient to permit meaningful appellate review of the balance of the expungement order, we remand for findings of fact consistent with *In re J.T.L.*, __ N.W.2d __, 2015 WL 9437753 (Minn. App. Dec. 28, 2015).

## FACTS

On October 31, 2014, Olmsted County charged respondent by delinquency petition with two counts of terroristic threats in violation of Minn. Stat. § 609.713, subd. 1 (2014), and one count of disorderly conduct in violation of Minn. Stat. § 609.72, subd. 1(3) (2014). On January 21, 2015, and based on a plea of guilty to one terroristic-threats count, respondent was placed on probation under a six-month stay of adjudication. The state dismissed the other counts. Respondent's probation terms included attending therapy. The district court set July 21, 2015 as respondent's probation-discharge date.

On July 17, 2015, respondent moved to expunge his juvenile record under Minn. Stat. § 260B.198, subd. 6 (2015). The district court heard the motion on July 22, 2015. In support of his motion, respondent submitted a letter from his therapist attesting to his improved behavior and "strong[] motivat[ion] to prevent any further aggressive behaviors or threats." Respondent also provided e-mails from his youth baseball coaches, praising his positive contributions to his baseball team. His attorney submitted a proposed expungement order.

Respondent did not serve DHS with notice or a copy of the expungement motion. Consequently, DHS did not appear at the July 22 hearing. Olmsted County opposed the motion, arguing that expungement "would be detrimental to public safety," and noting that the juvenile had only completed his six-month probation one day before the expungement hearing. At the hearing, the district court praised respondent's achievements while on probation. The court stated its belief that respondent is eligible for expungement, but also expressed a hesitancy to grant expungement at that time, because of how recently the underlying offense had been committed and because of the limited benefit an expungement would provide respondent at that particular time.

On August 21, 2015, the district court granted respondent's motion by adopting the proposed order nearly verbatim. The order included, in part, the following findings of fact:

> 4. [Respondent's] age, education, experience, and background, including mental and emotional development at the time of commission of the offense support expungement.
>
> 5. The circumstances and nature and severity of the offense, including any aggravating or mitigating factors in the commission of the offense also support expungement.
>
> 6. [Respondent] successfully completed all court-ordered conditions and has not been charged with a new crime since the above charges were resolved.
>
> 7. [Respondent] has not been convicted of any offenses.
>
> 8. [Respondent's] probation officer states that [respondent] is in a really good place now and has completed all court-ordered conditions.

9. [Respondent's] pursuit of education, employment, housing, and other necessities would benefit from the expungement of records relating to the above charges.

10. There is clear and convincing evidence that sealing the record would yield a benefit to [respondent] which outweighs the disadvantages to the public and public safety of sealing the record . . . . In making this determination, the Court has considered the factors listed in Minn. Stat. § 260B.198, subd. 6(b) in light of the findings outlined above.

Although the district court's order mentioned several of the factors enumerated in section 260B.198, subdivision 6(b), it made no mention of the factors identified in subdivision 6(b)(3) (concerning victim and community impact), (4) (concerning "the level of participation" of respondent), or (7) (the circumstances "bearing on the culpability or potential for rehabilitation" of respondent).

Olmsted County and DHS separately appealed the district court's order. The appeals were consolidated.

**D E C I S I O N**

**I.    Service on DHS**

DHS argues that the district court erred by ordering expungement because respondent did not serve DHS with notice or a copy of the expungement motion and DHS did not have the opportunity to be heard. Statutory interpretation is a question of law that is reviewed de novo. *In the Welfare of J.J.P.*, 831 N.W.2d 260, 264 (Minn. 2013).

Minn. Stat. § 260B.198, subd. 6(b), does not include an express requirement that DHS receive notice of an expungement petition. But Minn. Stat. § 245C.08, subd. 1(b) (2014), states: "Notwithstanding expungement by a court, the commissioner may consider information obtained [from juvenile records], unless the commissioner received

4

notice of the petition for expungement . . . ."[1] We have held that this language imposes a service requirement on a petitioner seeking to seal DHS records. *H.A.L.*, 828 N.W.2d at 479. In *H.A.L.*, we concluded that "[b]ecause H.A.L. did not serve DHS with her petition for juvenile expungement, we reverse and remand only that portion of the district court's order to allow DHS the opportunity to be heard on the motion." *Id.* We noted that "[f]rom this point forward, parties are on notice that service is required pursuant to section 245C.08, subdivision 1(b) if their aim is the sealing of DHS records in an expungement proceeding under section 260B.198, subdivision 6." *Id.*

Respondent argues that, because DHS presents no new arguments on appeal concerning the statutory factors, the failure to serve DHS is harmless. Under *H.A.L.*, DHS is entitled to be heard before expungement. The arguments of DHS involve issues of fact properly for resolution by the district court. *See* Minn. Stat. § 260B.007 (2014) (defining "court" as the "juvenile court unless otherwise specified"). We decline to weigh DHS's fact-based arguments for the first time on appeal, as doing so would be beyond our proper role as an error-correcting court. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988).

Because *H.A.L.* requires service on DHS when expungement of its records is sought, we reverse and remand that portion of the order pertaining to DHS.

---

[1] Under the plain language of section 245C.08, subdivision 1(b), and in cases where DHS has not been served and was not afforded the opportunity to be heard, it is unclear whether DHS is even bound by the resulting expungement order.

## II.    Sufficiency of the district court's findings

Olmsted County argues that the district court erred by failing to make sufficient findings supporting expungement under Minn. Stat. § 260B.198, subd. 6(b). We review orders granting or denying expungements for an abuse of discretion. *State v. M.D.T.*, 831 N.W.2d 276, 279 (Minn. 2013). Factual findings are reviewed for clear error, *State v. A.S.E.*, 835 N.W.2d 513, 517 (Minn. App. 2013), and issues of statutory interpretation are reviewed de novo, *H.A.L.*, 828 N.W.2d at 478.

"Minn. Stat. § 260B.198, subd. 6, requires a district court to determine whether the benefit of expungement to the petitioner outweighs the detriment of expungement to the public and public safety." *J.T.L.*, 2015 WL 9437753, at *2. The statute provides, in part, that:

> (b) In making a determination under this subdivision, the court shall consider:
>
> (1) the age, education, experience, and background, including mental and emotional development, of the subject of the record at the time of commission of the offense;
>
> (2) the circumstances and nature and severity of the offense, including any aggravating or mitigating factors in the commission of the offense;
>
> (3) victim and community impact, including age and vulnerability of the victim;
>
> (4) the level of participation of the subject of the record in the planning and carrying out of the offense, including familial or peer influence in the commission of the offense;
>
> (5) the juvenile delinquency and criminal history of the subject of the record;
>
> (6) the programming history of the subject of the record, including child welfare, school and community-based, and probation interventions, and the subject's willingness to participate meaningfully in programming, probation, or both;
>
> (7) any other aggravating or mitigating circumstance bearing on the culpability or potential for rehabilitation of the subject of the record; and

6

(8) the benefit that expungement would yield to the subject of the record in pursuing education, employment, housing, or other necessities.

Minn. Stat. § 260B.198, subd. 6(b)(1)-(8).

At the time of the district court's order, it was unresolved whether a district court was required to make findings of fact on the statutory considerations identified in Minn. Stat. § 260B.198, subd. 6(b). In *J.T.L.*, we considered the newly revised statute and held that, "[i]n deciding a petition to expunge juvenile delinquency records, a district court must make findings of fact concerning the [statutory] factors." 2015 WL 9437753, at *1. We explained that an appellate court is "unable to review whether a grant or denial of expungement constitutes an abuse of discretion unless the district court makes findings or determinations on the record regarding [expungement] factors." *Id.* at *4 (quoting *A.S.E.*, 835 N.W.2d at 517). We remanded with directions that the district court make specific factual findings so that we might review "which factors the district court found to support expungement and which, if any, of the factors it found to weigh against expungement." *Id.* at *4.

*J.T.L.* applies here. Without express findings concerning which factors support expungement and which weigh against expungement, we cannot effectively review the expungement order. *See id.* at *4 (explaining that effective appellate review depends on sufficient findings of fact). Just as in *J.T.L.*, the district court "granted [] respondent's motion[] by adopting his proposed order[] nearly verbatim." *Id.* at *2. The district court's order mentions five of the statutory factors, but does not mention the other three. The district court identified statutory factors supporting expungement, but did not

7

identify the factors weighing against expungement. Neither did it find that there are no countervailing factors. Under *J.T.L.*, this is insufficient for appellate review.

Olmsted County urges us to resolve the expungement request on the merits by reversing the district court's order without remand. In part, Olmsted County seems to argue that section 260B.198, subdivision 6(b), includes a timing requirement under which the district court should have concluded that respondent's request was premature. But the statute imposes no such timing requirement. And any further consideration on the merits would require that we assume the role of fact-finder. In juvenile expungement cases, findings of fact are the province of the district court. *See* Minn. Stat. § 260B.007 (2014) (defining "court" as the "juvenile court unless otherwise specified"); *J.T.L.*, 2015 WL 9437753, at *4 n.3 (declining to "resolve the expungement request on the merits").

We recognize that neither the district court nor the parties had the benefit of *J.T.L* when the expungement was ordered. Our remand indicates neither approval nor disapproval of the district court's exercise of its discretion. We remand to afford the district court the opportunity to make sufficient findings concerning the statutory factors set forth in Minn. Stat. § 260B.198, subd. 6(b), as required under *J.T.L.*

In sum, we reverse and remand the portion of the order pertaining to DHS for further proceedings as appropriate, after proper notice to DHS. We remand the balance of the order for findings of fact consistent with *J.T.L.*

**Reversed in part and remanded.**

8