*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1334**

In the Matter of the Welfare of: C.J.C.,
Appellant.

**Filed April 22, 2024**
**Affirmed in part, reversed in part, and remanded**
**Klaphake, Judge**[*]

Chisago County District Court
File No. 13-JV-21-47

Melvin R. Welch, Welch Law Firm, LLC, Minneapolis, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Janet Reiter, Chisago County Attorney, Aimee S. Cupelli, Assistant County Attorney, Center City, Minnesota (for respondent)

Considered and decided by Cochran, Presiding Judge; Johnson, Judge; and Klaphake, Judge.

**NONPRECEDENTIAL OPINION**

**KLAPHAKE**, Judge

Appellant C.J.C. appeals the district court's denial of his petition for expungement. He argues that we must reverse and remand because the court (1) did not make the required factual findings on the statutory factors listed in Minnesota Statutes section 260B.198, subdivision 6(b)(1)-(8) (2020), (2) applied the wrong standard of proof when evaluating

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

his petition, and (3) placed the burden of proof on the wrong party. Due to the lack of factual findings in the district court's order, we are unable to determine if the court abused its discretion when it denied appellant's petition, so we reverse in part and remand. And we conclude that appellant forfeited his arguments regarding the proper evidentiary standard and burden of proof to apply when evaluating a juvenile expungement petition by not raising them in front of the district court.

## DECISION

**I.** **Because the district court failed to make specific factual findings on the factors enumerated in Minn. Stat. § 260B.198, subd. 6(b)(1)-(8), we are unable to determine if the denial of appellant's expungement petition was an abuse of discretion.**

The expungement of juvenile delinquency records is governed by Minnesota Statutes section 260B.198, subdivision 6 (2020). Under section 260B.198, subdivision 6, a district court may expunge records relating to delinquency if it "determines that expungement of the record[s] would yield a benefit to the subject of the record[s] that outweighs the detriment to the public and public safety in sealing the record and the burden on the court and public agencies or jurisdictions in issuing, enforcing, and monitoring the order." Minn. Stat. 260B.198, subd. 6(a); *see also In re Welfare of J.T.L.*, 875 N.W.2d 334, 336 (Minn. App. 2015) (stating that section 260B.198, subdivision 6 "requires a district court to determine whether the benefit of expungement to the petitioner outweighs the detriment of expungement to the public and public safety"). A court is required to consider eight statutory factors when making this determination. *See* Minn. Stat. § 260B.198, subd. 6(b)(1)-(8). Those factors are:

(1) the age, education, experience, and background, including mental and emotional development, of the subject of the record at the time of commission of the offense;

(2) the circumstances and nature and severity of the offense, including any aggravating or mitigating factors in the commission of the offense;

(3) victim and community impact, including age and vulnerability of the victim;

(4) the level of participation of the subject of the record in the planning and carrying out of the offense, including familial or peer influence in the commission of the offense;

(5) the juvenile delinquency and criminal history of the subject of the record;

(6) the programming history of the subject of the record, including child welfare, school and community-based, and probation interventions, and the subject's willingness to participate meaningfully in programming, probation, or both;

(7) any other aggravating or mitigating circumstance bearing on the culpability or potential for rehabilitation of the subject of the record; and

(8) the benefit that expungement would yield to the subject of the record in pursuing education, employment, housing, or other necessities.

*Id.* Here, the district court denied appellant's expungement petition. Appellant argues on appeal that we should reverse and remand the denial of his petition because the district court did not explain its reasoning by making adequate factual findings on these eight factors. We agree.

When appellant was 15 years old, he was charged in the juvenile division of the district court with second-degree assault with a dangerous weapon, Minn. Stat. § 609.222, subd. 1 (2020), intentional discharge of a dangerous weapon under circumstances that endangered the safety of another, Minn. Stat. § 609.66, subd. 1a(2) (2020), and reckless handling of a dangerous weapon so as to endanger the safety of another, Minn. Stat.

§ 609.66, subd. 1(a)(1) (2020), after he accidentally shot his friend in the face with a .22 rifle. Appellant and respondent State of Minnesota entered into an agreement for a "continuance for dismissal for a period of one year without a finding that the allegations . . . ha[d] been proved," provided that appellant comply with certain court-imposed conditions. Appellant was ultimately "discharged from probation without an adjudication of guilt," after which he filed a petition for expungement. *See* Minn. Stat. § 260B.198, subd. 6 (governing juvenile delinquency expungements). Using a template order, the district court denied appellant's expungement petition "[b]ased on review of the eight factors required by Minn. Stat. § 260B.198, subd. 6 to be considered by this Court." The district court did not elaborate on its reasons for denying the petition.

We generally review the district court's decision to expunge criminal or delinquency records for an abuse of discretion. *State v. M.D.T.*, 831 N.W.2d 276, 279 (Minn. 2013). However, we are unable to determine whether the court abused its discretion if it fails to make findings on the record. *J.T.L.*, 875 N.W.2d at 338; *Cf. In re Civ. Commitment of Spicer*, 853 N.W.2d 803, 811 (Minn. App. 2014) (remanding an order that "[did] not permit meaningful appellate review" because the order did not "identify the facts that the district court ha[d] determined to be true and the facts on which the district court's decision is based"). This is particularly true when we are tasked on appeal with reviewing the grant or denial of a juvenile expungement petition because section 260B.198, subdivision 6(b) contains a "detailed list of required considerations [which] enhances the need for specific findings to enable meaningful appellate review." *J.T.L.*, 875 N.W.2d at 338; *see also State v. A.S.E.*, 835 N.W.2d 513, 517 (Minn. App. 2013) ("While we appreciate the informality

4

of expungement proceedings, we are unable to review whether a grant or denial of expungement constitutes an abuse of discretion unless the district court makes findings or determinations on the record regarding these factors." (quotation omitted)). Absent these specific findings, we are unable to ascertain "whether the district court acted within its discretion in ordering [or denying] expungement," and we must remand. *J.T.L.*, 875 N.W.2d at 338; *see also In re Welfare of P.J.S.*, No. A15-1697, 2016 WL 1175236, \*3-4 (Minn. App. Mar. 28, 2016) (remanding to give the district court "the opportunity to make sufficient findings concerning the statutory factors set forth in Minn. Stat. § 260B. 198, subd. 6(b)"), *rev. denied* (Minn. June 21, 2016).

Because the district court here did not make findings on the eight factors articulated in section 260B.198, subdivision 6(b), we are unable to conduct a meaningful review of the court's decision and cannot determine whether the court abused its discretion. Consequently, we reverse on this issue and remand. *Cf. A.S.E.*, 835 N.W.2d at 517 (remanding an order that granted an adult's expungement petition because "the district court checked various boxes on the template order and reached its conclusion without analyzing" the necessary factors).

## II. Appellant forfeited the rest of his arguments because he failed to raise them to the district court.

Appellant next argues that the district court erred by applying the wrong standard of proof when evaluating his expungement petition. He also contends that the district court erroneously imposed the burden of proof on him rather than on the state. "We review the

district court's interpretation of the expungement statute de novo as a question of law." *State v. C.W.N.*, 906 N.W.2d 549, 552 (Minn. App. 2018).

The juvenile expungement statute does not contain language that explicitly states what standard of proof the court should evaluate an expungement petition under or who bears the burden of proof. *See* Minn. Stat. § 260B.198, subd. 6. In the present case, the district court applied two different standards of proof, denying appellant's petition under both. Initially, the district court concluded that there was not "clear and convincing evidence" that the benefits appellant would receive from expungement would be "commensurate with the disadvantages to the public and public safety." In response, appellant filed a motion for reconsideration arguing that "expungement for a juvenile is governed by Minnesota Statute §260B.198, which does not state the standard of proof is clear and convincing evidence. Rather, the standard of review for a juvenile expungement petition is governed by a preponderance of the evidence standard." The district court granted the motion for reconsideration, issued an amended order applying a preponderance of the evidence standard, and once again denied the petition.[1] Additionally, appellant did not assert any arguments in his motion for reconsideration about which party bears the

---

[1] In its initial order, the district court found that appellant had "entered a guilty plea to the crime of assault in the second degree and received a stay of adjudication." In appellant's motion for reconsideration, he also argued that the district court made erroneous factual findings regarding the disposition of his case. When the court issued its amended order, it clarified that appellant had "[e]ntered into an agreement with the State, where the [charged] offenses were continued for dismissal without a finding that the allegations in the petition have been proven." Appellant does not challenge this amended factual finding on appeal.

burden of proof when a juvenile expungement petition is filed, and in both the initial and amended order, the district court placed that burden on appellant.

Despite requesting in his motion for reconsideration that the district court consider his petition using a preponderance of the evidence standard, appellant argues for the first time on appeal that because the underlying juvenile delinquency case was resolved in his favor,[2] he should have been entitled to a presumption of expungement. He contends that unless the *state can prove by clear and convincing evidence* that the disadvantages to public safety outweigh the benefit to the petitioner, his petition should be granted.

Appellant acknowledges that the juvenile expungement statute does not contain language creating such a presumption. *See* Minn. Stat. § 260B.198, subd. 6. Instead, he cites to language in the adult expungement statute, which does create this presumption, and asserts that because the adult and juvenile expungement statutes are often "interpreted in parity," we should apply the presumption here. *See* Minn. Stat. § 609A.03, subd. 5(b) (2020) (providing that if a person petitions to expunge their criminal record, and the underlying case was resolved in the petitioner's favor, the district court "shall grant the petition to seal the record unless the agency or jurisdiction whose records would be affected establishes by clear and convincing evidence that the interests of the public and public

---

[2] "Whether a proceeding was resolved in the petitioner's favor turns on whether there has been an admission or a finding of guilt. A dismissal is, in a plain sense, a determination in the defendant's favor." *State v. K.M.M.*, 721 N.W.2d 330, 333 (Minn. App. 2006) (quotations and citations omitted). Appellant's case was "continued for dismissal" pending the completing of certain conditions, and appellant never admitted guilt on the record. The state does contest that appellant's cases was resolved "in his favor."

safety outweigh the disadvantages to the petitioner of not sealing the record"); *see also State v. Ambaye*, 616 N.W.2d 256, 257 (Minn. 2000) ("The [adult expungement] statute specifically states that if the actions and proceedings were resolved in favor of the petitioner, he or she is presumptively entitled to expungement . . . .") (quotation omitted).

An appellate court generally will not consider matters not argued to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). And a party may not "obtain [appellate] review by raising the same general issue litigated below but under a different theory." *Id.; see Crowley v. Meyer*, 897 N.W.2d 288, 293 (Minn. 2017) (quoting *Thiele*); *see also Annis v. Annis*, 84 N.W.2d 256, 261 (Minn. 1957) ("[L]itigants are bound [on appeal] by the theory or theories . . . upon which the action was actually tried below."). Because appellant did not raise the argument that he is entitled to a presumption of expungement unless the *state* can show otherwise in his motion to the district court for reconsideration, we conclude he cannot raise it for the first time now. *See Thiele*, 425 N.W.2d at 582. Accordingly, we deem these arguments forfeited and affirm the district court as to this issue.

**Affirmed in part, reversed in part, and remanded.**