*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0316**

State of Minnesota,
Respondent,

vs.

J.A.B.,
Appellant.

**Filed October 13, 2025**
**Reversed and remanded**
**Segal, Judge**[*]

Scott County District Court
File No. 70-CR-15-23133

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Ron Hocevar, Scott County Attorney, Elisabeth M. Johnson, Assistant County Attorney Robert J. Alpers, III, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Howard Bass, Bass Law Firm, PLLC, Burnsville, Minnesota (for appellant)

 Considered and decided by Smith, Tracy M., Presiding Judge; Frisch, Chief Judge; and Segal, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**SEGAL**, Judge

Appellant J.A.B. challenges the denial of his expungement petition, arguing that the district court abused its discretion by relying on the fact that J.A.B.'s conviction was still within the ten-year lookback period for enhanceability and by failing to make findings on all of the required factors set out in Minnesota Statutes section 609A.03, subdivision 5(c) (2024). We reverse and remand.

## FACTS

In February 2016, J.A.B. was convicted of misdemeanor domestic assault in violation of Minnesota Statutes section 609.2242, subdivision 1(1) (2014). The district court imposed a stayed sentence, placed J.A.B. on supervised probation for 12 months, and required J.A.B. to complete and follow all recommendations from domestic-abuse and chemical assessments. J.A.B. was discharged from probation in March 2017, after he had satisfied all conditions imposed by the district court. And he has not been convicted of any other crimes through at least October 2024, the date of his expungement petition.

J.A.B. petitioned the district court to expunge the records of his 2016 conviction because he was worried that his prior conviction would prevent him from becoming a certified public accountant (CPA). He asserted in the petition that he had recently been hired by an accounting firm and that the firm wanted him to obtain certification. J.A.B. explained that the certification application inquired into his criminal background, "indicating that [the conviction] could prevent [him] from obtaining certification." J.A.B.

requested expungement so that he could "pursue a career as a CPA" and "serve society, [his current] wife, family, and children." The state did not oppose J.A.B.'s petition.

At the hearing on the petition, J.A.B. reiterated his arguments for expungement. And the prosecutor confirmed on the record that the state did not oppose expungement. Upon questioning by the district court, the prosecutor acknowledged that the county attorney's office is "normally . . . inclined to object to" such petitions, which is why the prosecutor "made sure to get this approved throughout the entirety of [his] office." The prosecutor also advised the district court that, while correspondence the state received from the domestic-abuse victim "had mixed messaging," the victim "ultimately did not oppose the expungement."[1]

The district court denied J.A.B.'s petition, concluding that he had "not established by clear and convincing evidence that expunging the record would yield a benefit to [J.A.B.] commensurate with the disadvantages to the public." The order states as the basis for the district court's decision: "Specifically, this conviction is still currently enhanceable."[2] The district court also found that J.A.B. had "not shown that this conviction

---

[1] The victim was J.A.B.'s former wife.

[2] Under Minnesota Statutes section 609.2242, subdivisions 2 and 4 (2014), a misdemeanor domestic assault can be enhanced to a gross misdemeanor if a second misdemeanor domestic assault is committed within ten years after the first conviction and, if the individual has committed more than one such assault within the ten-year lookback period, the offense can be enhanced to a felony. In this case, J.A.B. was convicted of misdemeanor domestic assault on February 29, 2016. The ten-year lookback period for enhancement, if J.A.B. were to commit another domestic assault, would run through February 2026. The order denying expungement is dated January 10, 2025, leaving a little less than 14 months until the expiration of the look-back period.

will or actually has prevented him from obtaining CPA certification." The district court made no other findings.

## DECISION

On appeal, J.A.B. asserts that the district court's order must be reversed and remanded for two reasons: (1) the district court erred by basing its denial of the petition on the fact that the lookback period for enhancement of a new domestic offense had not yet expired; and (2) the district court failed to make findings on all 12 of the factors set out in Minnesota Statutes section 609A.03, subdivision 5(c). The state concurs that at least a remand to the district court to make findings on the "twelve factors outlined in [the applicable expungement statute] would be appropriate."

We review a district court's expungement decision for an abuse of discretion. *State v. C.W.N.*, 906 N.W.2d 549, 551-52 (Minn. App. 2018). "A district court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Tapper*, 993 N.W.2d 432, 437 (Minn. 2023) (quotation omitted).

An individual can petition "to seal all records relating to an arrest, indictment or information, trial, or verdict" under Minnesota Statutes section 609A.03 (2024) if "the petitioner was convicted of a . . . misdemeanor . . . and the petitioner has not been convicted of a new crime for at least two years since discharge of the sentence for the crime." Minn. Stat. § 609A.02, subd. 3(a)(3) (2024). Because he was convicted of misdemeanor domestic assault and had not been convicted of another crime since he was

discharged from probation in March 2017, J.A.B. met the eligibility criteria to petition for expungement under section 609A.03. *Id.*

A district court may grant expungement under section 609A.03 "only upon clear and convincing evidence that [expungement] would yield a benefit to the petitioner commensurate with the disadvantages to the public and public safety of: (1) sealing the record; and (2) burdening the court and public authorities to issue, enforce, and monitor an expungement order." Minn. Stat. § 609A.03, subd. 5(a). In determining whether expungement is warranted, the district court "shall consider" 12 factors:

> (1) the nature and severity of the underlying crime, the record of which would be sealed;
>
> (2) the risk, if any, the petitioner poses to individuals or society;
>
> (3) the length of time since the crime occurred;
>
> (4) the steps taken by the petitioner toward rehabilitation following the crime;
>
> (5) aggravating or mitigating factors relating to the underlying crime, including the petitioner's level of participation and context and circumstances of the underlying crime;
>
> (6) the reasons for the expungement, including the petitioner's attempts to obtain employment, housing, or other necessities;
>
> (7) the petitioner's criminal record;
>
> (8) the petitioner's record of employment and community involvement;
>
> (9) the recommendations of interested law enforcement, prosecutorial, and corrections officials;

5

(10) the recommendations of victims or whether victims of the underlying crime were minors;

(11) the amount, if any, of restitution outstanding, past efforts made by the petitioner toward payment, and the measures in place to help ensure completion of restitution payment after expungement of the record if granted; and

(12) other factors deemed relevant by the court.

*Id.*, subd. 5(c).

The use of "shall" in section 609A.03, subdivision 5(c), indicates that consideration by the district court of the twelve factors is mandatory. *See* Minn. Stat. § 645.44, subd. 16 (2024) (defining "shall" as mandatory). And to enable adequate appellate review, the district court must include in the record sufficient findings that it considered those factors in rendering its decision. Without such a record, we cannot determine whether the district court acted within its discretion in denying an expungement petition. *See State v. K.M.M.*, 721 N.W.2d 330, 334 (Minn. App. 2006) (remanding the denial of an expungement petition because the district court failed to apply the balancing-of-interests test or make appropriate findings under a prior version of the expungement statute, which rendered the record "inadequate for meaningful [appellate] review"); *see also In re Welfare of J.T.L.*, 875 N.W.2d 334, 338 (Minn. App. 2015) (remanding the district court's expungement of the respondent's juvenile-delinquency records because the district court failed to make findings on the analogous expungement factors in Minnesota Statutes section 260B.198, subdivision 6(b) (2014)).[3]

---

[3] We have also remanded the denial of expungement petitions for inadequate findings in a number of recent nonprecedential decisions. *See. e.g.*, *State v. A.P.L.*, No. A18-1697, 2019

In denying J.A.B.'s petition, the district court cited only two reasons for denial: (1) that J.A.B.'s domestic-assault conviction was still within the ten-year lookback period for enhancement and (2) that J.A.B.'s concern that the conviction might interfere with CPA certification was speculative. J.A.B. argues that it was error for the district court to consider enhanceability as a factor in determining whether to grant the expungement petition. He notes that, even if the district court had granted his expungement petition, his 2016 conviction would still be on his record and accessible to "criminal justice agencies without a court order for the purposes of initiating, furthering, or completing a criminal investigation or prosecution or for sentencing purposes or providing probation or other correctional services." Minn. Stat. § 609A.03, subd. 7a(b)(1) (2024). He argues that allowing denials to be based on enhanceability would result in a categorical denial of all individuals with enhanceable offenses and that this is contrary to the plain language of the statute.

We need not determine whether the district court's reliance on enhanceability is, by itself, reversible error, because we conclude that the district court's reliance on this consideration, without making any findings on at least nine of the other twelve required factors, is an abuse of discretion requiring reversal and remand. Specifically, the district court made no findings concerning: the risk J.A.B. poses to the public; the time since the offense; the steps taken by J.A.B. toward rehabilitation; any aggravating or mitigating

WL 1983501, at *2 (Minn. App. May 6, 2019); *State v. J.L.D.*, No. A16-1991, 2017 WL 2535734, at *2-3 (Minn. App. June 12, 2017); *State v. J.E.H.*, No. A15-1948, 2016 WL 3659290, at *7-8 (Minn. App. July 11, 2016). Although not binding, nonprecedential opinions can be cited as persuasive authorities. Minn. R. Civ. App. P. 136.01, subd. 1(c).

factors related to the underlying offense; J.A.B.'s criminal record; J.A.B.'s record of employment and community involvement; "the recommendations of interested law enforcement, prosecutorial, and corrections officials"; the recommendations of the victim; and any outstanding restitution.[4] *Id.*, subd. 5(c). *See J.T.L.*, 875 N.W.2d at 338 ("Absent findings on the required statutory considerations, we are unable to determine whether the district court acted within its discretion in ordering expungement."). On remand, the district court may, in its discretion, reopen the evidentiary record.

**Reversed and remanded.**

---

[4] As summarized above, J.A.B.'s petition contains argument and information relevant to these factors, including the date of his conviction, his participation in psychiatric-treatment programs and counselling, his ongoing education, and his assertions related to mitigating factors related to his conviction. The record also contains the recommendations of the prosecutor and the victim.